PER CURIAM.
In appealing from an order removing him as executor of the last will and testament of Daniel A. Cleary, deceased, the appellant James E. Cleary applied to the probate judge for an order fixing the amount of the bond required to supersede the order of removal pending appeal to this court. The probate estate has an indicated appraised value of $1,813,008.23 plus a possible undetermined further value in stock appraised at $181,700.82.
The probate judge, in the interest of economy as well as security, fixed the penalty of the bond at only $50,000 but with the added condition that the First National Bank in Palm Beach should serve as corepresentative with the named executor during the appeal interim. The order provided that the bank, a bonded corporation with trust powers, should cosign all instruments requiring the signature of the named executor. This arrangement was not mutually acceptable to the litigants.
The described order was protested by the decedent’s widow, the appellee Ann C. Cleary, who was the petitioner for removal of the appellant as executor. She has filed in this court, pursuant to Appellate Rule 5.10, 31 F.S.A., a motion to discharge the order in question on the ground that it fails to meet the requirements of Florida law with reference to supersedeas as of right in such cases. The motion is well founded inasmuch as the bond coverage must be for the full value of the estate.
Florida Statutes Section 732.20(3), F.S.A., a provision of the Florida Probate Law, reads as follows:
“For an appeal * * *. from an order appointing or removing execu *430 tors, administrators or curators, to operate as a supersedeas or have the effect of placing or keeping the estate in the possession of the party appealing, bond shall be required sufficient in amount to cover the full value of the estate.”
Appellate Rule 5.3(b) similarly provide that:
“ * * * for an appeal from an order appointing or removing an executor, administrator, guardian or curator to operate as a supersedeas or have the effect of placing or keeping the estate in the possession of the party appealing, bond shall be required sufficient in amount to cover the full value of the estate.”
Notwithstanding the apparently mandatory requirement for full bond coverage, the appellant contends that the order under review is clearly authorized under Appellate Rule 5.9 which is derived from old Supreme Court Rule 19, subd. 9. Appellate Rule 5.9 provides as follows:
“If the decision, judgment, order or decree is in whole or in part other than a money judgment, order or decree, the elements to be considered in fixing the amount and conditions of the bond shall be.the cost of the action, cost of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.”
It is axiomatic that when there are several rules pertaining to the same subject they are to be construed together and in relation to each other. Appellate Rule 5.9 therefore must be considered in conjunction with the other rules purportedly governing supersedeas. Upon such consideration we are convinced that this rule, although certainly applicable to other appeals from judgments and orders not for money, should not be used as a guide in fixing the penalty requirements of super-sedeas bonds on appeals from orders appointing or removing executors, administrators, guardians or curators.
We accordingly hold that Appellate Rule 5.9 does not abrogate Appellate Rule 5.3(b), supra, nor does it provide an alternative method for determining the requisite amount of a supersedeas bond on appeal from an order removing the personal representative of an estate.
An examination of All Florida Surety Co. v. Coker, Fla.1955, 79 So.2d 762 and In re Jaeckel’s Estate, Fla.1957, 92 So.2d 633, cited by the appellant, reveals that these decisions are not in point on the question here involved. Likewise the Depository Act, Florida Statutes, Section 69.15(1), F.S.A., also cited, does not relate to super-sedeas and is not applicable.
Although not presented either to the probate judge or to this court by either of the parties, we here make note of the fact that the Supreme Court of Florida has declared Florida Statutes Section 732.15 to and including Section 732.20, F.S.A., supra, ineffective and inoperative and no longer in force and effect by reason of the 1956 revision of judiciary Article V of the Florida Constitution, F.S.A. See In re Wartman’s Estate, Fla.1961, 128 So.2d 600. We further point out the fact that the question as to whether or not Appellate Rule 5.3(b), supra, falls within the orbit of the rule-making powers of the Supreme Court likewise was not presented to the probate judge nor to this court, nor was it determined by the Supreme Court in the Wartman case. This question therefore is not adjudicated by this court.
The order under review is discharged to clear the way for the entry by the trial court of a supersedeas order which comports with Appellate Rule 5.3(b)
ALLEN, Acting C. J., and SMITH and WHITE, JJ., concur.