WARNER, J.
Believing that the complaint filed against him was improper, the appellant sought attorney’s fees pursuant to section 57.105, Florida Statutes (2013). In accordance with the procedure set forth in section 57.105(4), appellant served a motion to dismiss on appellee/plaintiffs counsel twenty-one days prior to filing his motion to dismiss the complaint and motion for attorney’s fees. Appellee did not dismiss the complaint until after that time. Nevertheless, at the hearing on the attorney’s fees motion, appellee objected to the section 57.105 sanction, because appellant had failed to serve the motion in accordance with Florida Rule of Judicial Administration 2.516. The trial court denied the motion for fees. We agree that strict compliance with the rules is required and affirm.
Appellee filed a complaint against Que-pasa Corporation, MeetMe, Inc., and appellant, in which she alleged appellant had tortiously interfered with an advantageous business relationship. Shortly after service of the complaint on appellant, on February 22, 2013, appellant’s counsel emailed appellee’s counsel a copy of a motion for sanctions under section 57.105, Florida Statutes. The subject line of the e-mail stated: “6277 Caplan, Stacey vs. Quepasa Corporation, Inc.: Defendants’ Motion for 57.105 Sanctions.doc.” The body of the e-mail stated: “See attached motion.” Attached was a Word document entitled “Defendants’ Motion for 57.105 Sanctions.doc.”
Over twenty-one days later, appellant filed a motion to dismiss the complaint’s claims against him. Two days later, he filed a motion for sanctions under section 57.105, Florida Statutes, against appellee and her counsel. The motion’s certificate of service stated it had been served on appellee’s counsel via e-mail on February 22, 2013. Appellee filed an amended complaint that removed appellant as a defendant. The court thereafter denied appellant’s motion to dismiss as moot, but reserved jurisdiction to hear appellant’s motion for sanctions. Appellee responded *688 to the sanctions motion, arguing that the motion was never properly served on her.
At the hearing, appellee argued that the motion for sanctions was not enforceable because appellant’s February 22nd e-mail did not comply with the requirements for service by e-mail in Florida Rule of Judicial Administration 2.516. Specifically, the e-mail did not: (1) provide a PDF of the motion or a link to the motion on a website maintained by the clerk; (2) contain, in the subject line in all capital letters, the words “SERVICE OF COURT DOCUMENT,” followed by the case number; (3) contain, in the body of the e-mail, the case number, name of the initial party of each side, title of each document served with that e-mail, and the sender’s name and telephone number. Appellee argued these defects were fatal, because section 57.105 is strictly construed as in derogation of the common law.
Appellant responded that only substantial compliance, rather than strict compliance, with Rule 2.516 was required. He argued that the strict interpretation of section 57.105 did not extend to Rule 2.516. At the hearing, appellee’s counsel testified that she had received the e-mail and read the attached Word document. Because the service had resulted in actual notice, appellant argued it was sufficient under the rule.
The trial court restricted its consideration to this procedural issue and not the merits of the motion. It denied the motion, thus agreeing with appellee’s argument that the failure to strictly observe the service rules precluded consideration of the motion. This appeal ensued.
Section 57.105, Florida Statutes (2013), allows an assessment of attorney’s fees against an opposing party and opposing counsel who file frivolous claims. The statute contains a “safe harbor” provision to avoid sanctions: “A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.” § 57.105(4), Fla. Stat. (2013); see, e.g., Lago v. Kame By Design, LLC, 120 So.3d 73, 75 (Fla. 4th DCA 2013) (referring to this subsection as the “safe harbor” provision).
With the advent of electronic filing and the use of e-mail for service, the Rules of Civil Procedure and Judicial Administration have been amended to provide the requirements for e-mail service, which is mandatory between attorneys. Florida Rule of Civil Procedure 1.080(a) provides, “Every pleading subsequent to the initial pleading ... and every other document filed in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.” (Emphasis added). Rule 2.516(b)(1) provides, “All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides.” (Emphasis added.) Rule 2.516(b)(1)(E) specifies the format for email service:
(E) Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.
(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case number of the proceeding in which the documents are being served.
*689 (ii) The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document.
(iii) Any document served by e-mail may be signed by any of the 7s/”, 7s”, or “s/” formats.
(iv) Any e-mail which, together with its attached documents, exceeds five megabytes (5MB) in size, must be divided and sent as separate e-mails, no one of which may exceed 5MB in size and each of which must be sequentially numbered in the subject line.
(Emphasis added).
In the present case, it is undisputed that e-mail service of appellant’s motion under section 57.105 did not strictly comply with Rule 2.516. Specifically: (1) the e-mail attached the motion in Word format instead of a PDF or link; (2) the subject line failed to state “SERVICE OF COURT DOCUMENT” and contained a number that does not correlate with the circuit court case number; and (3) the body of the e-mail failed to contain any of the required information listed in subsection (ii), but simply said, “See attached motion.” Appellant nevertheless argues that service was sufficient under the safe harbor provision of section 57.105(4) because he “substantially complied” with the rule and this resulted in actual notice to appellee, based on testimony of appellee’s counsel that she read the document.
As section 57.105 authorizes an award of attorney’s fees in derogation of common law, it must be strictly construed. See Montgomery v. Larmoyeux, 14 So.3d 1067, 1072 (Fla. 4th DCA 2009). Thus, even where a letter contained all of the information required by section 57.105(4), including a demand for attorney’s fees if the offending complaint was not withdrawn, the Third District held that this actual notice through a letter did not comport with the statutory requirement that a motion be served twenty-one days prior to it being filed with the court, reversing a section 57.105 award. See Anchor Towing, Inc. v. Fla. Dep’t of Transp., 10 So.3d 670, 672 (Fla. 3d DCA 2009). In finding section 57.105 should be strictly construed as in derogation of the common law, Montgomery cited cases construing proposals for settlement under Florida Rule of Civil Procedure 1.442, allowing for attorney’s fees, which is also strictly construed and requires strict compliance with the provisions of the rule. See Montgomery, at 1072-73 (citing Cano v. Hyundai Motor Am., Inc., 8 So.3d 408 (Fla. 4th DCA 2009) (holding that “[sjection 768.79 and rule 1.442 are strictly construed because they are ‘in derogation of the common law rule that each party pay their own fees’ ”) (quoting Brower-Eger v. Noon, 994 So.2d 1239, 1241 (Fla. 4th DCA 2008)).
Here, section 57.105 requires service of the motion on the plaintiff twenty-one days prior to filing with the court. “Service” is defined and regulated in Rule 2.516. The e-mail service requirements, which were implemented in 2012, use mandatory language stating that service “must” be made in the manner described. Fla. R. Jud. Admin. 2.516(b)(1)(E)(i)-(iv); In re Amendments to Fla. Rules of Jud. Admin. et al., 102 So.3d 505, 515-17 (Fla.2012). The rule requires that the e-mail subject line contain the words SERVICE OF COURT DOCUMENT, all in capitals and followed by the case number. This is important, because anyone with an e-mail account knows that users frequently receive many e-mails about many different topics. The capitalized notification advising that the email relates to a court document is critical to assure that the recipient opens the e *690 mail and reviews the document promptly. Further, while it may seem insubstantial that a Word version of the motion was attached rather than the PDF, a Word version is modifiable whereas the PDF is not. Sending a PDF avoids controversy regarding the content of the document. The PDF version of a document is what is required to be filed with the court.
Appellant argues that because the appel-lee had actual notice of the motion and its contents, he substantially complied with the statute. In Anchor, however, the letter received by the plaintiff put the plaintiff on actual notice of the issues and the fact that a motion would be filed seeking section 57.105 attorney’s fees, yet the Third District still held that strict compliance with the statute was necessary. We conclude that actual notice does not allow a party to evade strict compliance with the rule.
Litigants should not be left guessing at what a court will deem is “substantial compliance” with the rules and statutes for the imposition of attorney’s fees as a sanction. Just as is the case with Rule 1.442 regarding proposals for settlement, a bright line rule requiring service in conformity with the mandatory provisions of the rule provides certainty to both parties as to whether attorney’s fees may be assessed if the court finds that the action or defense is frivolous. We hold that strict compliance with Florida Rule of Judicial Administration 2.516 regarding e-mail service of pleadings is required before a court may assess attorney’s fees pursuant to section 57.105, Florida Statutes.

Affirmed.

LEVINE, J„ and TUTER, JACK, Associate Judge, concur.