# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-490
Lower Tribunal No. 15-190-P
_____


**Sandra Kent Wheaton,**
Appellant,

vs.

**Mardella Wheaton,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Hershoff, Lupino & Yagel and Robert C. Stober (Tavernier), for appellant.

Vernis & Bowling of the Florida Keys and Matthew S. Francis (Islamorada), for appellee.


Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant Sandra Wheaton seeks review of the trial court's order denying her motion for attorney's fees pursuant to a proposal for settlement. The trial court denied the motion because the proposal for settlement, which was served upon Appellee by e-mail, failed to comply with Florida Rule of Judicial Administration 2.516, which sets forth certain requirements for service by e-mail. Appellant contends that rule 2.516, and its e-mail requirements, are inapplicable because a proposal for settlement is not filed contemporaneously with the court. A trial court's interpretation of court rules is reviewed de novo, and "[o]ur courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules." Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006) (quoting Brown v. State, 715 So. 2d 241, 243 (Fla. 1998)). We affirm the trial court's ruling, and hold that proposals for settlement served by e-mail must comply with the e-mail service provisions of rule 2.516.

The relevant portions of rule 2.516 provide:

> **(a) Service; When Required.** Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, **every pleading subsequent to the initial pleading and every other document filed in any court proceeding**, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.

2

**(b) Service; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

(1) *Service by Electronic Mail ("e-mail").* **All documents required or permitted to be served** on another party **must be served by e-mail,** unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).

(Emphasis added.)

The rule thereafter delineates a variety of formatting and content requirements for any document that is served by e-mail. See rule 2.516(b)(1)(E)(i)-(iv).[1] It is undisputed that the instant proposal for settlement, served by e-mail, did not meet the service by e-mail requirements of rule 2.516.

---

[1] Rule 2.516(b)(1)(E) provides:

Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number of the proceeding in which the documents are being served.

(ii) The body of the e-mail must identify the court in which the

3

However, in asserting that proposals for settlement do not fall within the scope of rule 2.516, Appellant relies upon the language in rule 2.516(a) which provides that "every pleading subsequent to the initial pleading and every other document filed in any court proceeding . . . must be served in accordance with this rule on each party." Appellant contends that because the proposal for settlement is neither a pleading nor a "document filed in any court proceeding," it is not subject to the requirements of rule 2.516.

It is true, of course, that both the proposal for settlement statute (section 768.79, Florida Statutes) and the proposal for settlement rule (Florida Rule of Civil Procedure 1.442) prohibit counsel from filing a proposal for settlement contemporaneously with service of the proposal. In fact, a proposal for settlement may only be filed with the court if the proposal is accepted or if filing is necessary

proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document.

(iii) Any document served by e-mail may be signed by any of the "/s/," "/s," or "s/" formats.

(iv) Any e-mail which, together with its attached documents, exceeds the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court, must be divided and sent as separate e-mails, no one of which may exceed the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court and each of which must be sequentially numbered in the subject line.

for enforcement purposes.[2]  Appellant asserts that compliance with rule 2.516 would be required only upon the subsequent filing of a motion for enforcement of the proposal for settlement (since such a motion would be served and filed contemporaneously).

While Appellant's premise is correct (a party is not permitted to file her proposal for settlement contemporaneously with service of the proposal), we disagree with her conclusion, as it focuses on the incorrect portion of the rule.  The relevant language is contained in subdivision (b) of rule 2.516, which provides in pertinent part: "All documents required **or permitted to be served** on another party **must be served by e-mail**, unless the parties otherwise stipulate or this rule otherwise provides."  In this case, the document in question (the proposal for settlement) is "permitted to be served on another party."  And because the parties did not "otherwise stipulate," and because the rule does not "otherwise provide,"[3]

---

[2] Rule 1.442(d) provides: **"**A proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule."  Section 768.79(3), Fla. Stat. (2015) provides similarly: "The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section."

[3] To the contrary, subdivision (d) of rule 2.516 provides in pertinent part: "All documents must be filed with the court either before service or immediately thereafter, <u>unless otherwise provided for by general law or other rules</u>."  This provision implicitly acknowledges that even if a document (such as a proposal for settlement) is not to be filed contemporaneously, it nevertheless falls within the purview of this rule.  Had the Florida Supreme Court intended to exempt such served-but-not-contemporaneously-filed documents from the requirements of rule 2.516, it surely would have said so in subdivision (d).

this proposal for settlement "<u>must</u> be served by e-mail" and therefore must be served in compliance with the e-mail requirements of rule 2.516, regardless of whether the document is contemporaneously filed with the court.  We find this language plain and unambiguous, and hold that a proposal for settlement falls clearly within the scope of rule 2.516(b) and is subject to that rule's requirements.

In so holding, we agree with the decision and analysis of our sister court in <u>Floyd v. Smith</u>, 160 So. 3d 567 (Fla. 1st DCA 2015) (holding that a proposal for settlement served by e-mail must comply with the e-mail service requirements of rule 2.516).  <u>See also</u> <u>Matte v. Caplan</u>, 140 So. 3d 686 (Fla. 4th DCA 2014) (affirming trial court's denial of a motion for attorney's fees sought as a sanction pursuant to section 57.105(4), Florida Statutes (2013), because the motion was not served in strict compliance with rule 2.516, and implicitly recognizing that a motion for attorney's fees under section 57.105(4) must comply with rule 2.516 even though the motion cannot be filed contemporaneously with service on opposing counsel).

Affirmed.