NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD BOATRIGHT and )
DEBORAH BOATRIGHT, his wife, )
                           )
        Appellants, )
                           )
v. )         Case No.  2D15-1781
                           )
PHILIP MORRIS USA INC., and )
LIGGETT GROUP, LLC, )
                           )
        Appellees. )
_____ )

Opinion filed April 12, 2017.

Appeal from the Circuit Court for Polk
County; John M. Radabaugh, Judge.

Jonathan R. Gdanski, Steven Hammer, and
Brittany Chambers of Schlesinger Law
Offices, P.A., Fort Lauderdale; and Philip J.
Padovano, Celene H. Humphries, and
Maegen P. Luka of Brannock & Humphries,
Tampa, for Appellants.

M. Sean Laane and Geoffrey J. Michael of
Arnold & Porter LLP, Washington, D.C.; and
William P. Geraghty and Rachel A. Canfield
of Shook, Hardy & Bacon, L.L.P., Miami, for
Appellee Philip Morris USA Inc.

Wayne L. Thomas of Akerman Senterfitt,
Tampa; and Kelly Anne Luther, Maria Ruiz,
Giselle Gonzalez Manseur, and Ann M. St.
Peter-Griffith of Kasowitz, Benson, Torres &
Friedman, LLP, Miami; and Karen H. Curtis

of Clarke Silverglate, P.A., Miami, for
Appellee Liggett Group, LLC.


BADALAMENTI, Judge.

Appellants Richard and Deborah Boatright are former Engle[1] plaintiffs who obtained a $32.75 million jury verdict against Appellees Philip Morris USA Inc. and Liggett Group, LLC (the tobacco companies). The trial court partially denied the Boatrights' posttrial motion to tax attorneys' fees and costs, holding that proposals for settlement served by the Boatrights upon the tobacco companies' attorneys could not serve as a basis to award fees and costs because they were not served by e-mail. The trial court reasoned that the method of service by which the Boatrights served their proposals for settlement—U.S. Certified Mail—did not strictly comply with the service requirements for proposals for settlement. We disagree and reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

The facts here are both undisputed and straightforward. Prior to trial, the Boatrights served four proposals for settlement on the tobacco companies—one from each plaintiff to each defendant for $200,000, totaling $800,000. Attached to each of the four proposals was a corresponding certificate of service signed by the Boatrights' attorney. The certificates of service attached to the proposals were set forth in the following format: "I hereby certify that on the 31st of July, 2014, the foregoing document was served on [the tobacco companies' respective attorneys] at [the corresponding law firm's mailing address] . . . for **PHILLIP MORRIS U.S.A., INC.** [or **LIGGETT GROUP,**

---

[1]Engle v. Liggett Grp., Inc., 945 So. 2d 1246 (Fla. 2006).

**LLC**] via U.S. Certified Mail." (Bolded text in originals). The tobacco companies received and did not accept the proposals.

Upon receiving the jury's verdict, the Boatrights filed a motion to tax attorneys' fees and costs based in part on the tobacco companies' failure to accept the Boatrights' proposals for settlement.[2] See § 768.79(6)(b), Fla. Stat. (2013); Fla. R. Civ. P. 1.442(h). After a hearing on the motion, the trial court held that the Boatrights were not entitled to attorneys' fees and costs because they did not serve their proposals for settlement on the tobacco companies' attorneys by e-mail, and therefore did not strictly comply with section 768.79 and rule 1.442.

## DISCUSSION

The question before us is whether section 768.79 and rule 1.442 mandate e-mail as the exclusive method for service of pretrial proposals for settlement upon a party. Because section 768.79 and rule 1.442 depart from common law, they demand strict compliance and strict construction. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 377 (Fla. 2013); Campbell v. Goldman, 959 So. 2d 223, 226 (Fla. 2007) (citing Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003)). Failure to strictly comply with section 768.79 and rule 1.442 will render a proposal for settlement invalid, and therefore incapable of supporting an award of attorneys' fees and costs. Campbell, 959 So. 2d at 226.

We must discern a drafter's intent by analyzing the text's plain and ordinary meaning. Gallagher v. Manatee County, 927 So. 2d 914, 919 (Fla. 2d DCA

---

[2]The Boatrights also moved to recover costs pursuant to section 57.041, Florida Statutes (2013), which was granted by the trial court. That basis for the award of costs is not being challenged in this appeal.

2006) (quoting State v. Burris, 875 So. 2d 408, 410 (Fla. 2004)).[3]  Where, as here,

"there are several rules pertaining to the same subject they are to be construed together

and in relation to each other."  In re Cleary's Estate, 135 So. 2d 428, 430 (Fla. 2d DCA

1961).

**A.  The Text and Interplay of Section 768.79, Rule 1.442, and Rule 1.080**

Section 768.79 does not provide for any particular method of service of a

proposal for settlement.  It merely states that a proposal for settlement "shall be served"

upon the party to whom the proposal is made, but it shall not be filed with the court

unless it is accepted, or filing is necessary to enforce the provisions of the statute.  §

768.79(3).  Similarly, rule 1.442(d) states that "[a] proposal shall be served on the party

or parties to whom it is made but shall not be filed unless necessary to enforce the

provisions of this rule."  Thus, although both section 768.79 and rule 1.442 do not set

any specific method of service for proposals for settlement, they are both absolutely

clear that proposals for settlement are not to be filed, unless: (1) they are part of a

motion for incorporation into a final judgment; or (2) they are part of a motion to enforce

the provisions of section 768.79 or rule 1.442, such as a motion for attorneys' fees and

costs.

There is no dispute that the Boatrights did not file their proposals with the

trial court until they sought to enforce the attorneys' fees and costs provisions of section

768.79(6)(b) and rule 1.442(h).  There is also no dispute that the Boatrights attached

---

[3]"The same principles of construction apply to court rules as apply to statutes."  Mitchell v. State, 911 So. 2d 1211, 1214 (Fla. 2005) (quoting Gervais v. City of Melbourne, 890 So. 2d 412, 414 (Fla. 5th DCA 2004)).

- 4 -

their proposals to their motion to tax attorneys' fees and costs. Therefore, the Boatrights strictly complied with section 768.79 and rule 1.442.

That said, the tobacco companies contend that rule 1.442 provides additional guidance as to the method of service of proposals for settlement upon an opposing party. In particular, they point to rule 1.442(c)(2)(G), which states that "[a] proposal [for settlement] shall . . . include a certificate of service in the form required by [Florida Rule of Civil Procedure] 1.080." There is no dispute that the Boatrights' proposals for settlement each contained a certificate of service. The conundrum is that rule 1.442(c)(2)(G) refers to rule 1.080, which does not specify "the form" of the certificate. In fact, rule 1.080 states nothing about a certificate of service. The only reference to service is within rule 1.080(a), which states that "[e]very pleading subsequent to the initial pleading, all orders, <u>and every other document filed in the action</u> must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516." (Emphasis added.) The plain language of rule 1.080(a) yields the conclusion that, unless a document is filed in the action, its service need not be in conformity with rule 2.516's requirements.

The legislature and the drafters of the Florida Rules of Civil Procedure, as adopted by our supreme court, have expressly stated that proposals for settlement "shall not" be filed in an action until such time the proposal is accepted or a party seeks enforcement of a proposal. § 768.79(3); Fla. R. Civ. P. 1.442(d). Simply stated, proposals for settlement are not subject to the service requirements of rule 2.516 because the proposals do not meet rule 1.080(a)'s threshold requirement that they be "filed in the action." Because the scope of rule 1.080(a) is confined to documents filed

in an action, the Boatrights have strictly complied with the applicable statute and rules we have examined up to this point.

However, the tobacco companies insist that the heart of their argument is found within the language of rule 2.516. Accordingly, we now turn our attention to the text of that rule.

## B. Rule 2.516(f)'s Certificate of Service Form

Rule 2.516(f) is the only rule we have identified setting forth the form of a certificate of service to which rule 1.442(c)(2)(G) refers.[4] Pursuant to the form in rule 2.516(f), an attorney must certify in substance "that the foregoing document has been furnished to (here insert name or names, addresses used for service, and mailing addresses) by (e-mail) (delivery) (mail) (fax) on . . . (date) . . .". Thus, within section 2.516(f)'s certificate of service requirements, e-mail, hand delivery, mail, and fax are permissible methods of service. Attachment of the certificate in rule 2.516(f) is "taken as prima facie proof of . . . service in compliance" with rule 2.516.[5]

For purposes of comparison, the Boatrights' certificates of service state, "I hereby certify that on the 31st of July, 2014, the foregoing document was served on . . .

---

[4]In 2012, the certificate of service in the now-defunct rule 1.080(f) was moved to rule 2.516(f). See In re Amendments to Fla. R. Jud. Admin., Fla. R. Civ. P., Fla. R. Crim. P., Fla. Prob. R., Fla. R. Traff. Ct., Fla. Sm. Cl. R., Fla. R. Juv. P., Fla. R. App. P., Fla. Fam. L. R. P.—E-Mail Serv. Rule, 102 So. 3d 505, 509-10 (Fla. 2012). We invite the drafters of the Florida Rules of Civil Procedure to clarify rule 1.442(c)(2)(G), to the extent that the certificate of the service is now contained within rule 2.516(f).

[5]It would be strange if the certificate of service form set forth in rule 2.516(f) listed an impermissible method of service. After all, a certificate of service in compliance with rule 2.516(f) evidences prima facie proof of service. Therefore, we suggest that litigants who wish to serve pretrial proposals for settlement look to the methods of service listed in 2.516(f) for guidance.

counsel for **PHILLIP MORRIS U.S.A., INC.** [or **LIGGETT GROUP, LLC**], via U.S. Certified Mail."  Here, the certificates of service attached to the Boatrights' proposals both track the form in rule 2.516(f) and specify mail as the method of service.  The Boatrights' certificates of service thus comply with the form of the certificate of service set forth in rule 2.516(f) and thus are evidence of prima facie service in compliance with rule 2.516.  Therefore, to the extent that rule 1.442(c)(2)(G) incorporates the certificate of service form in rule 2.516(f), the Boatrights have again strictly complied with the applicable statute and rules.

However, the tobacco companies are not content with certificates of service which comply with rule 2.516(f).  Instead, the tobacco companies argue that the mandatory e-mail service requirement located elsewhere in rule 2.516 applies to the service of pretrial proposals for settlement on an opposing party.[6]  We now turn our attention to the e-mail service requirement.

## C.  Applicability of Rule 2.516(b)(1)'s Mandatory E-Mail Service Requirement

Rule 2.516 begins with two subsections entitled **"(a) Service; When Required**" and "**(b) Service; How Made**."  In pertinent part, rule 2.516(a) states that "every pleading subsequent to the initial pleading <u>and every other document filed in any court proceeding</u> . . . must be served in accordance with this rule on each party."  (Emphasis added.)  Rule 2.516(b)(1) states that "[a]<u>ll documents</u> required or permitted to be served on another party must be served by e-mail, unless the parties otherwise

---

[6]The manner in which the tobacco companies arrive at this conclusion is not immediately obvious, but they believe that the language referencing a certificate of service in rule 1.442(d) also incorporates the entirety of rule 2.516 into section 768.79 and rule 1.442.  Even if rule 1.442(d) refers to something other than a certificate of service, we disagree with the tobacco companies, as explained below.

stipulate or this rule otherwise provides." (Emphasis added.) The thrust of rule 2.516(b)(1) is to mandate that e-mail be the exclusive service method for a certain category of documents.

The tobacco companies construe the phrase "all documents" in rule 2.516(b)(1) to encompass any document which may be served upon an opposing party, including proposals for settlement. Based upon our reading of the plain and ordinary language set forth in section 768.79(3), rule 1.442(d), and rule 2.516, we disagree with the tobacco companies' construction.

Legal text "should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts." Jones v. ETS of New Orleans, Inc., 793 So. 2d 912, 914-15 (Fla. 2001) (quoting Acosta v. Richter, 671 So. 2d 149, 153-54 (Fla. 1996)). If a statutory provision appears to have a clear meaning in isolation, "but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the [c]ourt will examine the entire act and those in pari materia in order to ascertain the overall legislative intent." Fla. State Racing Comm'n v. McLaughlin, 102 So. 2d 574, 575-76 (Fla. 1958). Whenever possible, we must avoid construing legal text as "mere surplusage." Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003) (citing Hawkins v. Ford Motor Co., 748 So. 2d 993 (Fla. 1999)).

The tobacco companies' expansive reading of rule 2.516(b)(1) would render subsection (a) meaningless and only prevails if we were to impermissibly read rule 2.516(b)(1) in isolation. By its title, rule 2.516(a) sets forth when the service requirements of rule 2.516 apply. Rule 2.516(a) confines the scope of rule 2.516 to "every pleading subsequent to the initial pleading and every other document filed in any

court proceeding." (Emphasis added.) Rule 2.516(b)(1) then sets forth the method by which those documents must be served, which is principally by e-mail, albeit with some exceptions inapplicable to this case. Reading rule 2.516(a) and (b)(1) together, the word "documents" in subsection (b)(1) is confined in meaning to "document[s] filed in any court proceeding," consistent with the text of subsection (a). See Hechtman, 840 So. 2d at 996; Jones, 793 So. 2d at 914-15. It makes no sense for rule 2.516(b)(1)'s e-mail service requirements to apply to a broader scope of documents than specified by 2.516(a), which is the portion of rule 2.516 defining its scope.

Even more, because rule 2.516(a) expressly confines its scope to the service of documents "filed in any court proceeding," we are compelled to read the rule as excluding documents which are not "filed in any court proceeding." See Moonlit Waters Apartments, Inc. v. Cauley, 666 So. 2d 898, 900 (Fla. 1996) ("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another." (citing Bergh v. Stephens, 175 So. 2d 787 (Fla. 1st DCA 1965))); see also United States v. Koonce, 991 F.2d 693, 698 (11th Cir. 1993) ("The canon of statutory construction that the inclusion of one implies the exclusion of others is well-established.").

We will not accept the tobacco company's invitation to read rule 2.516(b)(1)'s e-mail service in isolation so as to mandate e-mail service for all documents, even those that have been mandated by the legislature to not be filed, such as proposals for settlement. The prescriptions of rule 2.516(b)(1) "should no more be allowed to trump [section 768.79] than the tail should be allowed to wag the dog." Kuhajda v. Borden Dairy Co. of Ala., LLC., 202 So. 3d 391, 395-96 (Fla. 2016).

Our review of the entire text of rule 2.516(b)(1) also supports our conclusion that mandatory e-mail service is only required for documents that are filed in an action. Rule 2.516(b)(1) only requires e-mail service "unless the parties otherwise stipulate or this rule otherwise provides." (Emphasis added.) The emphasized phrase "unless . . . this rule otherwise provides" encompasses the language in subsection (a), which confines the word "documents" to only those documents filed in the action. Accordingly, the text and context of rule 2.516(b)(1) also support our construction.

Finally, rule 2.516(d) states that "[a]ll documents must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules." (Emphasis added.) Again, because section 768.79(3) and rule 1.442(d) expressly state that proposals for settlement shall not be filed, we construe section 768.79(3) and rule 1.442(d) as exceptions "provided for by general law and other rules." If proposals for settlement are excluded from the mandatory filing requirement in rule 2.516(d), they are also excluded from the e-mail service requirement which is mandatory only if the documents were required to be filed in the first instance. Thus, the context of rule 2.516(d) supports our conclusion as well.

In sum, we hold that the mandatory e-mail service requirement set forth in rule 2.516(b)(1) does not apply to service of pretrial proposals for settlement. In the context of proposals for settlement, the mandatory e-mail service requirement in rule 2.516(b)(1) is only triggered when the proposals are attached to motions for acceptance or enforcement under section 768.79(3) or rule 1.442(d) that are filed in court. The Boatrights attached their proposals for settlement to their motion to tax attorneys' fees

and costs, filed with their motion with the trial court, and had previously served their proposals for settlement upon the tobacco companies' counsel by U.S. Certified Mail.

**D. <u>Matte v. Caplan</u>, <u>Wheaton v. Wheaton</u>, and <u>Douglas v. Zachry Industrial, Inc.</u>**

The tobacco companies cite to opinions they believe support a broad construction of rule 2.516(b)(1) and contradict our interpretation of the rule. None of these cases address the discrete issue before us—namely, whether the e-mail service requirement in rule 2.516(b)(1) applies to proposals for settlement. Instead, these cases either decide ancillary issues which do not address the interplay between rule 2.516(a) and 2.516(b)(1), or simply do not relate to proposals for settlement at all. <u>See</u> <u>Matte v. Caplan</u>, 140 So. 3d 686, 689-90 (Fla. 4th DCA 2014) (holding that a motion for sanctions was invalid because it did not comply with the e-mail formatting requirements in rule 2.516(b)(1)(E)); <u>see also</u> <u>Floyd v. Smith</u>, 160 So. 3d 567, 569 (Fla. 1st DCA 2015) (implying that rule 2.516 governs proposals for settlement, but ultimately holding that the absence of a certificate of service did not render a proposal for settlement invalid where it was served by e-mail); <u>Courtney v. Catalina, Ltd.</u>, 130 So. 3d 739, 740 (Fla. 3d DCA 2014) (holding that a trial court erred in dismissing a case for lack of prosecution where there was no evidence that plaintiff received a computer-generated notice of inactivity); <u>Milton v. Reyes</u>, 22 So. 3d 624, 624 (Fla. 3d DCA 2009) (holding that a proposal for settlement could not support a fee award because it failed to include any certificate of service whatsoever, as required by the former version of rule 1.080).

The most analogous of these cases is <u>Matte</u>, where a defendant served a motion for sanctions on plaintiff pursuant to section 57.105, Florida Statutes (2013), shortly after being served with plaintiff's complaint. 140 So. 3d at 687-88. The motion

for sanctions was served on plaintiff by e-mail, but not filed due to the twenty-one-day grace period in section 57.105(4). The e-mail failed to comply with a number of formatting requirements in rule 2.516(b)(1)(E). Specifically, the e-mail failed to: (1) include a PDF copy of the motion or a link to the motion on a website maintained by the clerk; (2) include the words "SERVICE OF DOCUMENT" in the e-mail's subject line; and (3) include the case number, the name of each initial party, the title of each document served, and the sender's name and telephone number in the body of the e-mail. Id. Eventually, defendant filed a timely motion for sanctions with the trial court. Id. at 688. Plaintiff argued that the motion was never properly served because defendant's e-mail to plaintiff failed to comply with rule 2.516(b)(1)(E). Id. The trial court denied the motion. Id. On appeal, the Fourth District affirmed the judgment of the trial court. Id. at 690. The Fourth District began its analysis of rule 2.516 by interpreting subsection (b)(1). Then, without analyzing rule 2.516(a), the Fourth District moved directly to the requirements in 2.516(b)(1)(E). Because the defendant did not comply with the requirements, the Fourth District upheld the ruling of the trial court.

We decline to apply Matte to the case before us. The Matte decision does not concern proposals for settlement. As such, it does not directly address the question we are called upon to decide here. Moreover, the Matte court did not analyze whether the scope of documents to be filed by e-mail in rule 2.516(b)(1) was limited by rule 2.516(a)'s confining that scope to documents filed in an action. In fact, the Matte opinion does not contain any analysis of rule 2.516(a)—it simply presumes that preliminary service of a motion for sanctions under section 57.105(4) must be accomplished by e-mail. As we have already explained, rule 2.516 contains no such

requirement for documents which are not required to be filed with the court at the time at which that document is served. Similar to proposals for settlement, motions for sanctions under section 57.105 are not filed in court unless it is necessary to enforce them. Compare § 57.105(4), with § 768.79(3), and Fla. R. Civ. P. 1.442(d). The Matte court's failure to recognize the proper scope of documents subject to e-mail service requirement constitutes a fatal flaw in that court's reasoning. Accordingly, we will not extend that reasoning to the milieu of service of pretrial proposals for settlement.

We are instead persuaded by the analysis in Douglas v. Zachry Industrial, Inc., No. 6:13-cv-1943-Orl-40GJK, 2015 WL 6750803, at *2-3 (M.D. Fla. Nov. 05, 2015). The Douglas plaintiff served a proposal for settlement upon defendant by e-mail, and the text of the proposal specifically provided that the proposal would not be filed with the court unless filing was necessary to enforce the proposal. Id. at *1. Ultimately, the proposal was rejected and plaintiff moved for attorneys' fees and costs on the basis of the proposal. Id. As in Matte, the defendant argued that the proposal was invalid because it failed to comply with the formatting requirements of rule 2.516(b)(1)(E)—it did not contain the words "SERVICE OF COURT DOCUMENT" in uppercase letters within the e-mail's subject line. Douglas, 2015 WL 6750803, at *1. Rather, the subject line contained all of these words in lowercase letters. Id.

The Douglas court held that the e-mail service requirement in rule 2.516 did not apply to proposals for settlement. Id. at *2-3. Specifically, the Douglas court held, as we do here, that rule 2.516(a) restricted the scope of the word "documents" in rule 2.516(b)(1) to only those documents filed in court. Id. at *2-3. Because rule 1.442(d) states that a proposal for settlement "shall not" be filed, the Douglas court

determined that the e-mail service requirement did not apply to proposals for settlement. Id. at *2. And because the e-mail service requirement did not apply, the e-mail formatting requirements in rule 2.516(b)(1)(E) also did not apply. Id. at *2-3. In addition, the Douglas court expressed disagreement with the holding of Matte. Douglas, 2015 WL 6750803, at *3. We find the Douglas court's reading of rule 2.516(a) both persuasive and correct.

After briefing and oral argument in this case, the Third District held that proposals for settlement must comply with rule 2.516(b)(1)'s mandatory e-mail service requirement. Wheaton v. Wheaton, 42 Fla. L. Weekly D411, D412 (Fla. 3d DCA Feb. 15, 2017). There, the appellant served a proposal for settlement by e-mail. Id. at D411. It was undisputed that this e-mailed proposal neglected to comply with "certain requirements for service by e-mail" set forth in rule 2.516(b)(1)(E)(i)-(v). Id. As such, the trial court ruled that the proposal for settlement could not support an award of attorneys' fees, and the Third District affirmed. Id. at D412.

The Wheaton court focused on rule 2.516(b)(1)'s language specifying that the e-mail service requirement applies to documents that are either "required or permitted to be served upon another." Id. (citing Fla. R. Jud. Admin 2.516(b)(1)) (emphasis added). The Wheaton court acknowledged that proposals for settlement are not required to be contemporaneously filed upon service, and therefore are not covered by rule 2.516(a). Id. However, the Wheaton court reasoned that the e-mail service requirement extends to proposals for settlement anyway, because proposals for settlement qualify as documents "permitted to be served" under rule 2.516(b)(1). Id. The Wheaton court then adopted the reasoning in Matte and Floyd and essentially

created a bright line rule that e-mail is the exclusive method for service upon a party for any document whatsoever. Id. We respectfully disagree with the Wheaton court.

As explained, rule 2.516(b)(1)'s mandatory service requirement is confined to every pleading subsequent to the initial pleading and documents that are filed in court—it does not extend to literally every document which is due to be served. Our decision to reject Wheaton's holding is grounded in our reading of the plain language of section 768.79(3) and rule 1.442(d). In no uncertain terms, the legislature and supreme court have emphatically directed that parties "shall" serve proposals for settlement on opposing parties—such service is not merely "permitted." § 768.79(3); Fla. R. Civ. P. 1.442(d). Moreover, the plain language of rule 2.516(a) does not imply that "every pleading subsequent to the initial pleading and every other document filed in a court proceeding" are the only types of documents which are "required" to be served—it merely states that they are the only types of documents which must be served "in accordance with [rule 2.516]." To hold that rule 2.516(b)(1)'s mandatory e-mail service requirement applies to proposals for settlement, or any document not explicitly contemplated by rule 2.516(a), we would have to rewrite rule 2.516(a) and turn a blind eye to section 768.79(3) and rule 1.442(d).

In our final analysis, we respectfully diverge from the Wheaton court's construction of the applicable statute and rules of court. In our view, the plain and unambiguous language of rule 2.516(b)(1)'s mandatory e-mail service requirement is confined to "document[s] filed in any court proceeding," in conjunction with the text of subsection (a). See Hechtman, 840 So. 2d at 996; Jones, 793 So. 2d at 914-15. The Wheaton court's construction has great practicality in that it creates a bright-line e-mail

service requirement for all documents due to be served upon a party, but this construction is not buttressed by the text of rule 2.516 and is contrary to the plain language of section 768.79(3) and rule 1.442(d).

## CONCLUSION

The trial court erred in denying the Boatrights' motion for attorneys' fees and costs for failing to strictly comply with section 768.79 and rule 1.442. The mandatory e-mail service requirement in rule 2.516(b)(1) does not apply to pretrial proposals for settlement. The Boatrights strictly complied with the statute and corresponding procedural rules governing the service of proposals for settlement by: (1) serving their proposals via U.S. Certified Mail; and (2) attaching to each of their proposals a certificate of service. We reverse the order of the trial court and remand for an award of attorneys' fees and costs in favor of the Boatrights. The amount of the award is to be determined by the trial court. The court's award of costs to the Boatrights pursuant to section 57.041 is affirmed. We certify conflict with the Third District's decision in Wheaton.

Affirmed in part, reversed in part; remanded for award of attorneys' fees and costs; conflict certified.

SILBERMAN and LaROSE, JJ., Concur.