NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ISLA BLUE DEVELOPMENT, LLC, )
)
　　　　　Appellant, )
)
v. ) Case No. 2D16-1718
)
TRACIE C. MOORE, )
)
　　　　　Appellee. )
　　　　　　　　　　　　　　　　　　　　　)

Opinion filed June 14, 2017.

Appeal from the Circuit Court for Lee
County; Alane C. Laboda, Judge.

Gregory W. Goetz of Goetz & Goetz, Fort
Myers, for Appellant.

Matthew S. Toll of Toll Law, Cape Coral, for
Appellee.

SLEET, Judge.

　　　　　Isla Blue Development, LLC, challenges the trial court's final order denying its motion in which it sought attorney fees pursuant to section 57.105, Florida Statutes (2014), as a sanction against Tracie Moore and her counsel Matthew Toll. The fees were sought in Moore's lawsuit against Isla Blue that alleged nondisclosure of latent defects in a real estate transaction. In its order, the trial court denied the motion for section 57.105 fees on both procedural and substantive grounds. Because we

conclude that the trial court did not abuse its discretion in denying the motion on substantive grounds, we affirm. We write only to explain that the trial court erred in applying Florida Rule of Judicial Administration 2.516 to a section 57.105 safe harbor notice and concluding that the motion should also be denied on procedural grounds.

Section 57.105(4) requires that "[a] motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within [twenty-one] days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Rule 2.516(b)(1) states that "[a]ll documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate." Here, it was undisputed that Isla Blue sent its section 57.105 notice by U.S. mail and that the parties did not stipulate to such service. As such, the trial court concluded that Isla Blue failed to strictly comply with the requirements of rule 2.516(b).

However, subsection (a) of rule 2.516 provides as follows:

Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, every pleading subsequent to the initial pleading and every other document filed in any court proceeding, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, must be served in accordance with this rule on each party.

(Emphasis added.) "Reading rule 2.516(a) and (b)(1) together, the word 'documents' in subsection (b)(1) is confined in meaning to 'document[s] filed in any court proceeding.' " Boatright v. Philip Morris USA, Inc., 42 Fla. L. Weekly D842, D843 (Fla. 2d DCA Apr. 12, 2017) (alteration in original).

And the specific language of section 57.105(4) states that the motion which provides the required twenty-one-day safe harbor notice "must be served but may not be filed with or presented to the court." Accordingly, such a motion is only served on the opposing party but is not filed with the court, unlike the documents addressed in rule 2.516(a). Therefore, we conclude that the email service requirements of rule 2.516(b)(1) do not apply to such a motion. See Boatright, 42 Fla. L. Weekly at D843 ("[B]ecause rule 2.516(a) expressly confines its scope to the service of documents 'filed in any court proceeding,' we are compelled to read the rule as excluding documents which are not 'filed in any court proceeding.' ").

In so concluding, we certify conflict with Matte v. Caplan, 140 So. 3d 686 (Fla. 4th DCA 2014), in which the Fourth District applied the email requirements of rule 2.516 to a section 57.105 motion served to provide the required twenty-one-day safe harbor notice.

Affirmed; conflict certified.

SILBERMAN and LaROSE, JJ., Concur.