NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL J. DENINO and VINCENZA )
ABBATE-DENINO, )
                          )
     Appellants/Cross-Appellees, )
                          )
v.                              )      Case No. 2D16-2137
                          )
ANNA ABBATE, )
                          )
     Appellee/Cross-Appellant. )
_____ )

Opinion filed May 4, 2018.

Appeal from the Circuit Court for Highlands
County; Peter F. Estrada and Michael E.
Raiden, Judges.

Odelsa Flores-Dickman and Andrew W.
Dickman of Dickman Law Firm, Naples, for
Appellants/Cross-Appellees.

Scott R. LeConey of Swaine & Harris, P.A.,
Lake Placid, for Appellee/Cross-Appellant.

CASANUEVA, Judge.

        Michael J. Denino and Vincenza Abbate-Denino appeal the trial court's

order denying their amended motion seeking sanctions against Anna Abbate. The trial

court denied the motion on procedural grounds in reliance on Matte v. Caplan, 140 So.

3d 686 (Fla. 4th DCA 2014). Because this court subsequently rejected the reasoning in Matte, we reverse the trial court's order and remand for further proceedings. See Isla Blue Dev., LLC v. Moore, 223 So. 3d 1097 (Fla. 2d DCA 2017); Boatright v. Philip Morris USA Inc., 218 So. 3d 962 (Fla. 2d DCA 2017). In light of this disposition, we decline to address the issues raised by Mrs. Abbate's cross-appeal.

This case was commenced by Anna Abbate, the mother of Vincenza Abbate-Denino. Initially, she sued her daughter and son-in-law alleging that they fraudulently caused her to sign a deed conveying an interest in a home to them. She alleged that they duped her by telling her that the deed was a healthcare-related document. Later, in a deposition, she withdrew that allegation. Following the deposition, the Appellants served Mrs. Abbate's counsel with a motion and notice pursuant to section 57.105, Florida Statutes (2014),[1] asserting that the complaint was frivolous and demanding that the lawsuit be dismissed.

The section 57.105(4) statutory notice, sometimes called a safe harbor notice, was sent to Mrs. Abbate's counsel via email on September 12, 2014. On October 24, 2014, Mrs. Abbate moved to amend the operative complaint to assert a different misrepresentation. This action was taken outside the twenty-one-day safe harbor period set forth in section 57.105, and the Appellants moved for statutory sanctions.[2] However, Mrs. Abbate asserted that the Appellants could not prevail

---

[1]Section 57.105(4) states: "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

[2]The Appellants later amended their motion to add another basis for sanctions.

because the motion for sanctions was not served in compliance with the strict email service requirements set forth in Florida Rule of Judicial Administration 2.516. The argument was based on the Fourth District's decision in Matte, which applied the email service requirements of rule 2.516 to service of a motion for purposes of section 57.105(4)'s safe harbor notice.

Following a bench trial on the amended complaint, the trial court granted the Appellants' motion for involuntary dismissal. At the sanctions hearing, the trial court properly observed that this court had not yet ruled on whether rule 2.516 applied to a section 57.105 motion served to provide the required safe harbor notice. The only issued opinion on the subject was Matte. Because this court had not opined on this issue, the trial court was again correct in concluding that it was required to follow the only existing appellate decision on the issue. See Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts." (citing Weiman v. McHaffie, 470 So. 2d 682, 684 (Fla. 1985))); Miller v. State, 980 So. 2d 1092, 1094 (Fla. 2d DCA 2008) ("[B]ecause the district courts of appeal in Florida are intended to be courts of final appellate jurisdiction, the opinion of a district court is binding on all trial courts in the state."). Noting that Mrs. Abbate had *actual* notice of the motion, the trial court nonetheless reluctantly denied the amended motion for sanctions based on the holding in Matte.

Since that time, this court has weighed in on the issue. Relying in part on this court's decision in Boatright, 218 So. 3d at 967, this court held in Isla Blue Development, 223 So. 3d at 1099, "that the email service requirements of rule 2.516(b)(1) do not apply" to a motion filed as part of the section 57.105(4) safe harbor

notice.  Accordingly, we reverse the trial court's order denying sanctions and remand for further proceedings for the trial court to determine whether the Appellants are able to establish a legal entitlement for fees against any party and, if so, to hold an appropriate evidentiary hearing to establish the amount and liability for such an award.  We do not read the trial court's order as having addressed the latter domain.

As we did in Isla Blue Development, we certify conflict with Matte v. Caplan, 140 So. 3d 686 (Fla. 4th DCA 2014), in which the Fourth District applied the email requirements of rule 2.516 to a section 57.105 motion served to provide the required safe harbor notice.

Reversed and remanded with instructions; conflict certified.


CRENSHAW and SLEET, JJ., Concur.