# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0986
Lower Tribunal No. 19-10141
_____

## American Towing of Miami, LLC,
Appellant,

vs.

## Leonel Espinal,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Herrera Law Firm, P.A., and Jose-Trelles Herrera, for appellant.

Ayala Law P.A., and Eduardo A. Maura and Luis F. Quesada; Fulgencio Law, P.L.L.C., and Felipe B. Fulgencio and Courtney A. Umberger (Tampa), for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

American Towing of Miami, LLC appeals from a non-final order[1] granting class certification in an action for violating section 715.07(2)(a)(9), Florida Statutes (2020), which prohibits requiring a release from liability for damages as a condition of vehicle release. We reverse because section 715.07(2)(a)(9) does not create a civil cause of action.

I.    BACKGROUND

In July 2018, Leonel Espinal brought an action against American Towing in the small claims division of the county court alleging improper towing of his vehicle in violation of section 715.07. In November 2018, Espinal filed an amended complaint to certify a class against American Towing for violating section 715.07(2)(a)(9), which provides, in pertinent part, as follows:

> When a vehicle . . . has been towed or removed pursuant to this section, it must be released to its owner . . . within 1 hour after requested. Any vehicle . . . owner . . . has the right to inspect the vehicle . . . before accepting its return, and **no release or waiver of any kind which would release the person or firm towing the vehicle . . . from liability for damages noted by the owner . . . at the time of the redemption may be required from any vehicle . . . owner . . . as a condition of release of the vehicle** . . . .

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) (authorizing appeals of non-final orders that determine "whether to certify a class").

(Emphasis added).

According to the amended complaint, American Towing unlawfully required Espinal and members of the putative class to sign towing receipts containing an impermissible release as a condition for the release of their vehicles. Because the claim for damages in the amended complaint exceeded the jurisdictional limit of the county court, the case was transferred to the circuit court, where Espinal filed a motion for class certification. Following a hearing, the court entered an order granting Espinal's motion for class certification. American Towing timely appealed.

II.    ANALYSIS

Orders granting class certification are generally reviewed for an abuse of discretion; however, purely legal determinations are reviewed de novo. Alderwoods Grp., Inc. v. Garcia, 119 So. 3d 497, 503 (Fla. 3d DCA 2013). In Mallery v. Norman L. Bush Auto Sales & Services, Inc., 301 So. 3d 361 (Fla. 2d DCA 2020), the Second District held that a towing company's noncompliance with section 715.07(2)(a)(9) does not create a civil cause of action. Espinal concedes that if we were to affirm the order granting class certification, we would be in conflict with Mallery.[2] For the reasons that

---

[2] Moreover, this Court has already cited Mallery with approval. See Ives v. Gettinger, 45 Fla. L. Weekly D2073 (Fla. 3d DCA Sept. 2, 2020).

3

follow, we agree with the statutory interpretation set forth in Mallery and therefore conclude that class certification was improper as there is no civil cause of action for violating section 715.07(2)(a)(9).[3]

We begin with the text of section 715.07(2), which permits the towing of vehicles parked on private property and requires substantial compliance with certain conditions and restrictions:

> (2) The owner or lessee of real property, or any person authorized by the owner or lessee, which person may be the designated representative of the condominium association if the real property is a condominium, may cause any vehicle or vessel parked on such property without her or his permission to be removed by a person regularly engaged in the business of towing vehicles or vessels, without liability for the costs of removal, transportation, or storage or damages caused by such removal, transportation, or storage, under any of the following circumstances:
>
> > (a) The towing or removal of any vehicle or vessel from private property without the consent of the registered owner or other legally authorized person in control of that vehicle or vessel is subject to substantial compliance with the following conditions and restrictions:

Applicable here is the restriction on requiring a release from liability for damages, which is set forth in section 715.07(2)(a)(9).  Because the text of

---

[3] Although the issue in Mallery had to do with the failure to comply with the one-hour return requirement in section 715.07(2)(a)(9), Mallery's legal analysis is equally applicable here.

the statute does not explicitly provide for a private cause of action, we consider whether one will be judicially implied.  See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So. 3d 541, 550 (Fla. 2012). This a question of legislative intent, which we discern from the actual language in the statute.  Mallery, 301 So. 3d at 364 (citing QBE, 94 So. 3d at 550-51).

As the court explained in Mallery, a towing company's violation of section 715.07(2)(a)(9) is punishable as a third-degree felony.  Id.: see also § 715.07(5)(b) ("Any person who violates subparagraph . . . (2)(a)9. commits a felony of the third degree . . . .").  In other words, "the legislature, based on the plain language of the statute, chose a criminal penalty—a felony for that matter—to enforce a towing company's noncompliance with subsection (a)(9)."  Mallery, 301 So. 3d at 364-65.

Moreover, in the broader context of section 715.07(2)(a), seven of the conditions and restrictions carry a criminal penalty.  See id. at 365 ("[I]f a towing company violates seven of the requirements arrayed in section 715.07(2)(a), the towing company faces a criminal penalty of either a second-degree misdemeanor or a third-degree felony.").  However, section 715.07(2)(a)(8), unlike the other subsections, is excluded from criminal punishment and instead explicitly mandates civil liability for noncompliance.

"In other words, by excluding section 715.07(2)(a)(8) from criminal penalty for violating it, the legislature intended to impose civil liability for noncompliance with it." Mallery, 301 So. 3d at 365 (citing Boatright v. Philip Morris USA Inc., 218 So. 3d 962, 967 (Fla. 2d DCA 2017) ("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another.")).

Therefore, because we agree with Mallery and discern no legislative intent to create a private cause of action from the actual language used in the statute, which imposes a criminal penalty as opposed to civil liability for noncompliance with section 715.07(2)(a)(9), we reverse the order granting class certification.

Reversed and remanded.