May, J.
Florida Rule of Judicial Administration 2.516 lies at the center of this appeal. The mother appeals a sanctions order, and argues the trial court erred in sanctioning her pursuant to section 57.105, Florida Statutes (2015), and Rule 2.516. While the father complied with section 57.105, she argues he failed to comply with the strict requirements of Rule 2.516. We agree and reverse.
The mother and father obtained an out-of-state custody order in Haiti; the Haitian order was not domesticated. The mother then moved to the United States with their daughter where she petitioned for a determination of paternity, child support, and time-sharing for the father.
The father moved to dismiss the mother’s petition, arguing her case was barred by res judicata and collateral estoppel. On the same day, he sent a “safe harbor letter” to the mother advising her that he would move for sanctions if she did not voluntarily dismiss her petition with prejudice.
The father then moved for sanctions, pursuant to section 57.105, arguing the mother’s petition was frivolous and dupli-cative to avoid the Haitian order. He also filed an amended motion to dismiss the mother’s complaint for lack of subject matter jurisdiction.
The father alleged the mother fled Haiti with them minor child without the father’s permission. He was only able to reach the mother with the help of the U.S. Department of State. When he located the mother, he moved to domesticate the Haitian order; the mother filed a paternity petition. He asserted the mother’s claims were not only duplicative and barred by res judicata and collateral estoppel, but were “so devoid of merit as to be sanctionable.”
The trial court dismissed the mother’s petition, granted the father’s motion for sanctions, and, ordered the mother to pay $200 in attorney’s fees. The mother moved for rehearing on the sanctions order, arguing the father had failed to comply with Florida’s service rules. The court denied the motion for rehearing. The mother now appeals.
We review a sanctions order for an abuse of discretion. Lago v. Kame By Design, LLC, 120 So.3d, 73, 74 (Fla. 4th DCA 2013). “However, to the extent a trial court’s order on fees is based on an issue of law, [we have] de novo review.” Id.
Section 57.105 requires a party filing a motion for sanctions to comply with, the twenty-one-day “safe harbor” provision, and Florida Rule of Judicial Administration 2.516. § 57.105(4), Fla. Stat. (2015); Fla. R. Jud. Admin. 2.516. The “safe harbor” provision requires a party to wait twenty-one days after serving its motion for sanctions on opposing counsel before filing the motion so that the challenged document can be corrected or withdrawn. § 57.105(4), Fla. Stat.
Here, the father’s motion for sanctions complied with the twenty-one-day “safe harbor” provision as the father’s notice was sent on July 21, 2015, and the sanctions motion was filed thirty-five days later on August 25, 2015. However, the father’s “safe harbor” letter failed to *1003 strictly comply with Florida Rule of Judicial Administration 2.516.
Rule 2.516(b)(1)(E) requires: (i) the attachment of a copy of the document in PDF format, and a link to the document on a website maintained by a clerk; (ii) the subject line begin with' the words “SERVICE OF COURT DOCUMENT” in’ all capital letters, followed by the case number; and (iii) the body of the e-mail identify the court in which the case is pending, “the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document.” Fla. R. Jud. Admin. 2.516(b)(l)(E)(i)-(ii).
We have held that strict compliance with Rule 2.516 is mandatory. Matte v. Captan, 140 So.3d 686, 689-90 (Fla. 4th DCA 2014) (“Litigants should not be left guessing at what a court will deem is ‘substantial compliance’ with the rules and statutes for the imposition of attorney’s fees as a sanction.”).
Here, the father failed to comply with all requirements. His letter failed to contain “SERVICE OF COURT DOCUMENT,” followed by the case number in the subject line, and did not include in the body of the email the case number, name of the initial party, and title of the document served. He also failed to attach a PDF copy or link containing his motion for sanctions. His letter’s non-compliance requires us to reverse the sanctions order.

Reversed.

Ciklin, C.J., and Taylbr, J., concur.