DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN MCCOY,**
Appellant,

v.

**R.J. REYNOLDS TOBACCO COMPANY,** Individually and As Successor By Merger To **BROWN & WILLIAMSON TOBACCO CORPORATION,** Individually and As Successor By Merger To **THE AMERICAN TOBACCO COMPANY,** A Foreign Corporation; **PHILIP MORRIS - USA, INC.,** A Foreign Corporation; **LORILLARD TOBACCO COMPANY,** A Foreign Corporation; **LIGGETT GROUP LLC,** (f/k/a Liggett Group, Inc., f/k/a Liggett & Myers Tobacco Company); and **VECTOR GROUP LTD., INC.,** (f/k/a Brooke Group, Ltd.), A Foreign Corporation,
Appellees.

No. 4D16-1378

[October 25, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III, Judge; L.T. Case No. 08-25806 CACE (19) and 08-80000 CACE (19).

Celene H. Humphries, Shea T. Moxon, Maegen P. Luka and Thomas J. Seider of Brannock & Humphries, Tampa; and Scott Schlesinger, Steven Hammer, Jonathan R. Gdanski and Brittany Chambers of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellant.

Scott Michael Edson of King & Spalding LLP, Washington, D.C.; Val Leppert, William L. Durham II, and Chad A. Peterson of King & Spalding LLP, Atlanta, Georgia; and Stephanie E. Parker and John M. Walker of Jones Day, Atlanta, Georgia, for appellees, R.J. Reynolds Tobacco Company and Lorillard Tobacco Company.

Geoffrey J. Michael of Arnold & Porter LLP, Washington, D.C., for appellee, Philip Morris USA Inc.

GROSS, J.

We reverse the circuit court's order denying a motion for attorney's fees based upon a 2014 proposal for settlement under section 768.79, Florida Statutes (2015).[1]

On July 24, 2014, the plaintiff/appellant served a proposal for settlement on each of three defendants. The proposals were served by U.S. certified mail. The plaintiff also filed a Notice of Serving Proposal for Settlement via e-mail on the same date.

The defendants had actual knowledge of the proposals for settlement and did not accept them.

After a trial, the plaintiff obtained a verdict that entitled him to attorney's fees under section 768.79. The plaintiff moved for attorney's fees. The defendants opposed an award on procedural grounds — that he failed to e-mail the proposals under Florida Rule of Judicial Administration 2.516.

The circuit court denied the motion for fees for the failure to comply with Rule 2.516.

Where a party has actual notice of an offer of settlement, and the offering party has satisfied the requirements of section 768.79 on entitlement, to deny recovery because the initial offer was not e-mailed is to allow the procedural tail of the law to wag the substantive dog. *See Kuhajda v. Borden Dairy Co. of Ala., LLC.,* 202 So. 3d 391, 395-96 (Fla. 2016). We agree with the analysis of Judge Badalamenti in *Boatright v. Philip Morris USA Inc.,* 218 So. 3d 962 (Fla. 2d DCA 2017).

The focus of the statute is on actual notice — an offer of judgment is required to be "served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section." § 768.79(3), Fla. Stat. (2014). Echoing the requirements of the statute, Florida Rule of Civil Procedure 1.442(d) provides that an offer "shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule."

Identifying those documents for which e-mail service is required, Rule 2.516(a) provides, in pertinent part:

> **(a) Service; When Required.** Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, every *pleading*

---

[1] Because we find the 2014 proposal for settlement to be valid, we do not reach the validity of separate proposals for settlement served by e-mail in 2015.

> *subsequent to the initial pleading and every other document* **filed in any court proceeding** *. . . must be served in accordance with this rule on each party.*

(Emphasis added).  An offer of judgment is not a pleading.  *See* Fla. R. Civ. P. 1.100(a).  At the time it is initially served, an offer of judgment is not a document "filed in any court proceeding"; both section 768.79(3) and Rule 1.442(d) expressly state that it is *not* to be filed.  Under the plain language of Rule 2.516(a), then, the initial offer of judgment is outside of the e-mail requirements of that rule.

To arrive at a different conclusion, *Wheaton v. Wheaton* imports language from rule 2.516(b) to add words to the plain language of 2.516(a).  217 So. 3d 125, 126 (Fla. 3d DCA 2017).  Instead of focusing on subsection 2.516(a), which specifies when e-mail service is "required," the *Wheaton* court looked to subsection 2.516(b) to hold that e-mail service was required for the initial delivery of an offer of judgment.

We disagree with *Wheaton;* subsection (a) is not ambiguous, so a court should not add words to manipulate its meaning.  Even a strict construction of Rule 2.516(a) should consider "only the literal words of [the] writing."  Strict Construction, <u>Black's Law Dictionary</u> (8th ed.) (Brian Garner ed.) p. 332.[2]

We reverse the circuit court order insofar as it applies to the 2014 offers of judgment.

Ciklin and Klingensmith, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Section 768.79, Florida Statutes (2014) was enacted in 1986 by the legislature for the purpose of "encourag[ing] parties' to settle claims without going to trial." *Aspen v. Bayless*, 564 So. 2d 1081, 1083 (Fla. 1990).  After three decades of litigation, most lawyers and judges question whether Rule 1.442 and the statute are "fulfilling [their] intended purpose of encouraging settlement or at times is having the opposite effect of increasing litigation." *Campbell v. Goldman*, 959 So. 2d 223, 227 (Fla. 2007) (Pariente, J., specially concurring).  For an excellent discussion about the tension between the substantive law and procedural rules in this area, *see* Lauren Rehm, *A Proposal for Settling the Interpretation of Florida's Proposals for Settlement,* 64 Fla. L. Rev. 1811 (2012).