BILBREY, J. Railworks Track Systems, Inc., the plaintiff at trial, sent a proposal for settlement[1] by email to Oldcastle Southern Group, Inc., the defendant. The proposal was received by Oldcastle, not accepted, and then following trial Railworks received a judgment more than 25 percent.greater than the amount demanded in the proposal. See § 768.79(1), Fla. Stat. (2014). Old-castle contends the proposal had to be served in accordance with rule 2.516, Florida Rules of Judicial Administration, and since it was not Railworks was not entitled to an award of attorneys’ fees. We hold that the proposal did not have to be served in accordance with rule 2.516. We also reject without further comment Oldcastle’s argument that the trial court awarded an unreasonably high hourly rate to Rail-works’ attorneys and paralegal. It is undisputed that Railworks’ proposal for settlement did not contain a subject line on the email beginning with “SERVICE OF COURT DOCUMENT”; did not include the case number in the service line; and did not include in the body of the email the case number, the court where the case was pending, the name of the party, • or the title of the document served—all of which would be required if rule 2.516(b)(1)(E) applied.[2] Oldcastle contends that these omissions mean that the proposal was not served as required by rule 2.516, was therefore invalid, and the award of fees was error. There is a split-of authority among other district courts as to whether a proposal for settlement .must be served as provided by rule 2.516. Compare Wheaton v. Wheaton, 217 So.3d 125 (Fla. 3d DCA 2017), rev. granted, 2017 WL 4785810 (Fla. October 24, 2017), with McCoy v. B.J. Reynolds Tobacco Co., 229 So.3d 827 (Fla. 4th DCA 2017), and Boatright v. Philip Morris USA Inc., 218 So.3d 962 (Fla. 2d DCA 2017). We adopt the view of McCoy and Boatright and hold that .compliance with rule 2.516 is not required when serving a proposal for settlement. We certify conflict with Wheaton. . Our review of the issue of entitlement to fees is de novo. Kuhajda v. Borden Dairy Co. of Alabama, LUC, 202 So.3d 391 (Fla. 2016). We construe the rules of court in the same manner as we construe statutes. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla. 2006). Section 768.79(3), Florida Statutes (2014), requires service of the proposal, without specifying the manner of service, “upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section,” Rule 2,516 provides, impart, (a) Service; When Required. Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, every pleading subsequent to the initial pleading and every other document filed in any court proceeding ... must be served in accordance with this rule on each party. . ■ The parties agree‘that Railworks’ proposal for settlement was not a pleading. See Fla. R. Civ. P. 1.100(a). Oldcastle contends that the proposal falls under rule 2.516(a)’s application to “every other document filed in any court proceeding” and therefore “must be served in accordance with this rule.” Although—consistent with section 768.79(3)—rule R442(d), Florida Rules of Civil Procedure, requires “[a] proposal shall be served on the party or parties to whom -it ⅛. made,” it continues by stating that a proposal “shall not be filed unless necessary to enforce the provisions of this rule.” We agree with McCoy and Boatright that since the proposal for settlement is not to be filed when it is served, the proposal is not included in the clause “every other document filed in any court proceeding.” McCoy, 229 So.3d at 828, 2017 WL 4812662, at *1; Boatright, 218 So.3d at 967.[3] Oldcastle also makes an; argument concerning rule 2.516(d), which was not addressed in McCoy, Boatright, or Wheaton. Rule 2.516(d), states in part, “Filing. All documents must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules.” (Emphasis added). Oldcastle argues that the emphasized language supports, its contention that the proposal falls under rule 2.516(a) in that the proposal is an “other, document” but is not “filed in any court proceeding” due to application of general law and rules, specifically section 768.79(3) and rule 1.442(d). In so arguing Oldcastle attempts to use subsection (d) to expand the definition of “other document” in subsection (a). We disagree with Oldcastle’s argument. Oldcastle’s argument Regarding rule 2.516(d) suffers from the same problem as the appellees’ argument in Boat-right regarding subsection (b). There, Judge Badalamenti stated, [Appellees’] expansive reading of rule 2.516(b)(1) would render subsection (a) meaningless and only prevails if we were to impermissibly read rule 2.516(b)(1) in isolation. By its title, rule 2.516(a) sets forth when the service requirements of rule 2.516 apply. Rule 2.516(a) confines the scope of rule 2.516 to “every pleading-' subsequent to - the initial pleading and every other document filed in any court proceeding.” (Emphasis added.) Rule 2.516(b)(1) then sets forth the method by which those documents- must be served, which is principally by email, albeit with some exceptions inapplicable to .ithis case. Reading rule 2.516(a) and (b)(1) together, the word “documents” in subsection (b)(1) is confined in meaning to “document[s] filed in any court proceeding,” consistent with the text of subsection (a).... It makes no sense for rule 2.516(b)(l)’s. email service requirement to apply to- a broader scope of documents, than, specified by, 2.516(a), which is the portion of rule. 2.516 defining scope. . Boatright, 218 So.3d at 967. Subsection (a) of rule 2.516 concerns service while subsection (d) concerns filing. Subsection (d) should not be read to expand what is a document under subsection (a). Based on the above, we find no error in the trial court’s determination that the service requirements of ruie 2.516 do not apply to proposals for settlement. AFFIRMED; CONFLICT CERTIFIED. RAY and WINOKUR, JJ., CONCUR. . Rule 1.442, Florida Rules of Civil Procedure, uses the term proposal for settlement while section 768.79, Florida Statutes (2014), uses the term offer of judgment when made by a defendant or demand for judgment when made by a plaintiff. For the sake of simplicity and consistency the Appellee/plaintiffs demand for judgment is referred to as a proposal for settlement. , Although immaterial to -our resolution, of the case, the. proposal attached to the email contained all of this information. It is also undisputed that Oldcastle actually received the ■ proposal and was not prejudiced by the omissions; . We also agree with Boatright that Wheaton misconstrued our earlier opinion in Floyd v. Smith, 160 So.3d 567 (Fla. 1st DCA 2015). Boatright, 218 So.3d at 969-70. The issue in Floyd was the application of rule 1.442(c)(2)(G)’s requirement that the proposal had to contain “a certificate of service in the form required by rule 1.080." Floyd, 160 So.3d at 569. Rule 1.080(a) explicitly references rule 2.516, meaning that, unlike here, there was n.o question in Floyd as to whether rule 2.516 applied to the limited issue in that case. Rule 2.516 was discussed in the context of whether the proposal had to contain a certificate of service, and we held that it did not-; but we did not consider the issue of whether rule;2.516 applied to service of a proposal for settlement. Floyd, 160 So.3d at 569,