# Supreme Court of Florida

_____

No. SC17-716
_____

**SANDRA KENT WHEATON,**
Petitioner,

vs.

**MARDELLA WHEATON,**
Respondent.

January 4, 2019

QUINCE, J.

Petitioner Sandra Wheaton seeks review of the decision of the Third District Court of Appeal in *Wheaton v. Wheaton*, 217 So. 3d 125 (Fla. 3d DCA 2017), on the ground that it expressly and directly conflicts with *Boatright v. Phillip Morris USA, Inc.*, 218 So. 3d 962 (Fla. 2d DCA 2017), *McCoy v. R.J. Reynolds Tobacco Co.*, 229 So. 3d 827 (Fla. 4th DCA 2017), and *Oldcastle Southern Group, Inc., v. Railworks Track Systems, Inc.*, 235 So. 3d 993 (Fla. 1st DCA 2017), regarding whether proposals for settlement made pursuant to section 768.79, Florida Statutes (2018), and Florida Rule of Civil Procedure 1.442 must comply with the email service provisions of Florida Rule of Judicial Administration 2.516. We have

jurisdiction.  *See* art. V, § 3(b)(3), Fla. Const.  For the reasons that follow, we quash the decision of the Third District.

## FACTS AND PROCEDURAL HISTORY

Respondent, Mardella Wheaton, sued her ex-daughter-in-law, Petitioner, Sandra Wheaton, for unlawful detainer.  Petitioner served a proposal for settlement on Respondent via email.  Respondent received the proposal but did not accept it.

The trial court granted Petitioner's motion for summary judgment.[1]  Petitioner then moved to enforce her proposal for settlement and to collect attorney's fees.  Respondent opposed the motion on three grounds: (1) the proposal was vague; (2) the proposal was not made in good faith; and (3) the proposal failed to strictly comply with the e-mail service requirements of rule 2.516.  The trial court rejected the vagueness argument but agreed that the proposal failed to strictly comply with the requirements of rule 2.516.[2]  The basis for the trial court's ruling was that Petitioner's email "did not include a certificate of service, a subject line containing the words 'SERVICE OF COURT DOCUMENTS,' and [failed to

---

1. Respondent appealed the summary judgment loss to the Third District, which affirmed the trial court per curiam.  *Wheaton v. Wheaton*, 194 So. 3d 1036 (Fla. 3d DCA 2016).

2. Because the trial court found that the proposal was unenforceable, it did not reach the issue of whether the offer was made in good faith.

comply with] other requirements of rules 1.442, 1.080 and 2.516 of the Florida Rules of [Civil Procedure and Judicial Administration.]"  In support of its conclusion, the trial court relied on the Fourth District Court of Appeal's decision in *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), and precedent from this Court stating that section 768.79 and rule 1.442 must be strictly construed. Therefore, according to the trial court, Petitioner's failure to comply with all of the formatting requirements set forth in rule 2.516(b)(1)(E) rendered the proposal unenforceable.

Petitioner appealed the trial court's decision to the Third District Court of Appeal, arguing that "because the proposal for settlement is neither a pleading nor a 'document filed in any court proceeding,' it is not subject to the requirements of rule 2.516." *Wheaton*, 217 So. 3d at 127.  The Third District acknowledged that subdivision (a) of rule 2.516 applies only to documents that are filed in court proceedings, and that section 768.79 and rule 1.442 expressly forbid a party from filing a proposal when it is initially served. *Id.*  However, the court disagreed with Petitioner's reliance on the language in subdivision (a) of rule 2.516. *Id.*  Instead, the court found that "[t]he relevant language is contained in subdivision (b) of rule 2.516, which provides in pertinent part: 'All documents required *or permitted to be served* on another party *must be served by e-mail*, unless the parties otherwise

stipulate or this rule otherwise provides.'" *Id.* The district court went on to hold that

> the document in question (the proposal for settlement) is "permitted to be served on another party." And because the parties did not "otherwise stipulate," and because the rule does not "otherwise provide," this proposal for settlement "*must* be served by e-mail" and therefore must be served in compliance with the e-mail requirements of rule 2.516, regardless of whether the document is contemporaneously filed with the court. We find this language plain and unambiguous, and hold that a proposal for settlement falls clearly within the scope of rule 2.516(b) and is subject to that rule's requirements.

*Id.* at 127-28 (footnote omitted). In so holding, the district court noted that it "agree[d] with the decision and analysis" set forth in the First District Court of Appeal's decision in *Floyd v. Smith*, 160 So. 3d 567 (Fla. 1st DCA 2015), and the Fourth District's decision in *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014). *Wheaton*, 217 So. 3d at 128.

Petitioner filed a motion for rehearing, arguing that the district court's decision was inconsistent with this Court's decision in *Kuhajda v. Borden Dairy Co. of Alabama, LLC*, 202 So. 3d 391 (Fla. 2016), which was published after briefing was completed in *Wheaton*. The district court summarily denied Petitioner's motion. Now before this Court, Petitioner contends that the Third District's decision expressly and directly conflicts with *Boatright v. Phillip Morris USA, Inc.*, 218 So. 3d 962 (Fla. 2d DCA 2017), *McCoy v. R.J. Reynolds Tobacco*

- 4 -

*Co.*, 229 So. 3d 827 (Fla. 4th DCA 2017), and *Oldcastle Southern Group, Inc. v. Railworks Track Systems, Inc.*, 235 So. 3d 993 (Fla. 1st DCA 2017).

## ANALYSIS

The conflict issue presented is whether proposals for settlement made pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 must comply with the email service provisions of Florida Rule of Judicial Administration 2.516. The standard of review in determining whether an offer of settlement comports with section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 and is de novo. *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015). Because the conflict issue involves the interpretation of the Court's rules, in this case Florida Rule of Judicial Administration 2.516, the standard of review is also de novo. *Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 599 (Fla. 2006).

### Relevant Provisions

Section 768.79, Florida Statutes ("Offer of judgment and demand for judgment"), "provides a sanction against a party who unreasonably rejects a settlement offer." *Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003). Section 768.79 provides in relevant part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him on the

- 5 -

defendant's behalf . . . if . . . the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

The statute further provides that an offer shall:

>	(a) Be in writing and state that it is being made pursuant to this section.
>	(b) Name the party making it and the party to whom it is being made.
>	(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
>	(d) State the total amount.

§ 768.79(2), Fla. Stat. (2018). The section also states that a proposal "shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section." § 768.79(3), Fla. Stat. (2018).

Section 768.79 is implemented by Florida Rule of Civil Procedure 1.442 ("Proposals for Settlement"). The rule provides that a proposal shall:

>	(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>	(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>	(C) state with particularity any relevant provisions;
>	(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
>	(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>	(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and

(G) include a certificate of service in the form required by rule 1.080.

Fla. R. App. P. 1.442(c)(2). The rule also states that a proposal "shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule." Fla. R. App. P. 1.442(d).

While rule 1.442 requires proposals for settlement to include a certificate of service, rule 1.080 no longer contains a certificate of service provision. Instead, the rule states that "[e]very pleading subsequent to the initial pleading, all orders, and every other document filed in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516." Fla. R. Civ P. 1.080(a).[3]

The relevant portions of rule 2.516 provide:

(a) **Service; When Required.** Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, *every pleading subsequent to the initial pleading and every other document filed in any court proceeding*, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, *must be served in accordance with this rule on each party*. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.

---

3. Rule 1.080(f) used to contain a certificate of service provision, but it was deleted in 2012 when rule 2.516 was adopted. *See In re Amend. to Fla. Rules of Jud. Admin.*, 102 So. 3d 505, 510 (Fla. 2012).

(b) **Service; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

(1) **Service by Electronic Mail ("e-mail").** *All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides.* A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).

(Emphasis added.) The rule goes on to provide the following formatting requirements:

(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number and case style of the proceeding in which the documents are being served.

(ii) The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document.

(iii) Any document served by e-mail may be signed by any of the "/s/," "/s," or "s/" formats.

(iv) Any e-mail which, together with its attached documents, exceeds the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court, must be divided and sent as separate e-mails, no one of which may exceed the appropriate size limitations specified in the Florida Supreme Court Standards for Electronic Access to the Court and each of which must be sequentially numbered in the subject line.

Fla. R. Jud. Admin. 2.516(b)(1)(E)(i)-(iv).

## Conflict Cases

In *Boatright*, the plaintiffs served four proposals for settlement on the defendants—one from each plaintiff to each defendant. *Boatright*, 218 So. 3d at 964. The proposals were sent to the defendants via U.S. certified mail. *Id.* Following a jury verdict in their favor, the plaintiffs filed a motion for attorney's fees and costs based in part on the defendants' failure to accept the proposals for settlement. *Id.* The trial court denied the motion, finding that the plaintiffs were not entitled to attorney's fees and costs because they did not serve their proposals for settlement on the defendants by email, and therefore failed to strictly comply with section 768.79 and rule 1.442. *Id.*

In reversing the trial court, the Second District held that "proposals for settlement are not subject to the service requirements of rule 2.516 because the proposals do not meet rule 1.080(a)'s threshold requirement that they be 'filed in the action.' " *Id.* at 965. Additionally, the district court rejected the *Wheaton* court's reliance on subdivision (b) of rule 2.516, reasoning that "rule 2.516(b)(1)'s mandatory service requirement is confined to every pleading subsequent to the initial pleading and documents that are filed in court—it does not extend to literally every document which is due to be served." *Id.* at 970. In doing so, the district court certified conflict with the Third District's decision. *Id.* at 971.

In *McCoy*, the plaintiff served a proposal for settlement on each of three defendants by U.S. certified mail. *McCoy*, 229 So. 3d at 828. The defendants received the proposals for settlement but did not accept them. *Id.* After trial, the plaintiff obtained a verdict that entitled him to attorney's fees under section 768.79 and moved for attorney's fees. *Id.* The defendants opposed the motion, arguing that the plaintiff failed to email the proposals pursuant to rule 2.516. *Id.* The trial court denied the motion. *Id.*

The Fourth District reversed the trial court, finding that "[w]here a party has actual notice of an offer of settlement, and the offering party has satisfied the requirements of section 768.79 on entitlement, to deny recovery because the initial offer was not emailed is to allow the procedural tail of the law to wag the substantive dog." *Id.* (citing *Kuhajda*, 202 So. 3d 391). The court noted that both section 768.79 and rule 1.442 require service of proposals for settlement but prohibit filing, and found that as applied to rule 2.561(a), a proposal for settlement is neither a pleading nor a document "filed in any court proceeding." *McCoy*, 229 So. 3d at 829 (quoting Fla. R. Jud. Admin. 2.516(a)). Thus, "under the plain language of Rule 2.516(a), then, the initial offer of judgment is outside of the email requirements of that rule." *Id.* at 829.

The district court also disagreed with *Wheaton*, stating that in reaching its conclusion, the Third District

- 10 -

> imports language from rule 2.516(b) to add words to the plain language of 2.516(a). Instead of focusing on subsection 2.516(a), which specifies when email service is "required," the *Wheaton* court looked to subsection 2.516(b) to hold that email service was required for the initial delivery of an offer of judgment.
>
> We disagree with *Wheaton*; subsection (a) is not ambiguous, so a court should not add words to manipulate its meaning.

*Id.* (citation omitted).

In *Oldcastle*, the plaintiff sent a proposal for settlement by email to the defendant. *Oldcastle*, 235 So. 3d at 993-94. The defendant received the proposal—but did not accept it—and then the plaintiff received a judgment more than 25 percent greater than the amount demanded in the proposal. *Id.* at 994 (citing § 768.79(1), Fla. Stat. (2014)). The defendant argued that the proposal had to be served in accordance with rule 2.516, which the First District rejected. *Id.* at 995.

The district court acknowledged that the plaintiff's proposal did not comply with the formatting requirements set forth by rule 2.516(b)(1)(E). However, the court found that these requirements did not apply because "compliance with rule 2.516 is not required when serving a proposal for settlement." *Id.* at 994. To reach its conclusion, the court examined rule 2.516(a) and found that "since the proposal for settlement is not to be filed when it is served, the proposal is not included in the clause 'every other document filed in any court proceeding.'" *Id.* at 994-95. In

doing so, the court adopted the view of *Boatright* and *McCoy* and certified conflict with *Wheaton*. *Oldcastle*, 235 So. 3d at 994.

## Interpretation

We have previously stated that both rule 1.442 and section 768.79 should be strictly construed. *See Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007) (citing *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276 (Fla. 2003)). "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)); *accord Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 454 (Fla. 1992). If, however, the language of the rule is ambiguous and capable of different meanings, this Court will apply established principles of statutory construction to resolve the ambiguity. *See, e.g.*, *Gulfstream Park Racing Ass'n, Inc., v. Tampa Bay Downs, Inc.*, 948 So. 2d 599, 606 (Fla. 2006).

From the plain language of section 768.79 and rule 1.442, neither require service by email. The procedure for communicating an offer of settlement is set out in section 768.79(3), Florida Statutes (2018), which states:

> The offer *shall be served upon the party to whom it is made, but it shall not be filed* unless it is accepted or unless filing is necessary to enforce the provisions of this section.

- 12 -

(Emphasis added.)  The statute only requires that the offer be served on the party to whom it is directed and not be filed with the court but does not require service by email.

Similarly, subdivision (d) of rule 1.442 outlines the procedure for communicating a proposal for settlement to the opposing party.  The subdivision states:

> **(d) Service and Filing.**  A proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule.

Fla. R. Civ. P. 1.442(d).  Again, the rule provides that the offer must be served on the party to whom it is directed and not filed with the court but does not require service by email.  However, unlike section 768.79, rule 1.442 provides that a proposal for settlement must "include a certificate of service in the form required by rule 1.080."  Fla. R. Civ. P. 1.442(c)(2)(G).

As previously mentioned, rule 1.080 does not specify the form of the certificate of service.  Instead, the rule provides:

> *Every pleading subsequent to the initial pleading, all orders, and every other document filed* in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.

Fla. R. Civ. P. 1.080(a) (emphasis added).  This does not apply to proposals for settlement because a settlement offer is neither a pleading subsequent to the initial pleading, an order, or a document filed with the court.  Accordingly, based on rule

- 13 -

1.080's plain language, rule 2.516 would not apply to proposals for settlement made pursuant to section 768.79 and rule 1.442.

It appears that in reaching its conclusion to the contrary, the Third District focused on construing rule 2.516 more than section 768.79 and rule 1.442. However, even the plain language of rule 2.516 does not support the Third District's conclusion. The provisions of rule 2.516 that are at issue in this case are subdivision (a), "Service; When Required," and subdivision (b), "Service; How Made." According to the first subdivision, "every pleading subsequent to the initial pleading and every other document filed in any court proceeding . . . must be served in accordance with this rule." Fla. R. Jud. Admin. 2.516(a). The rule goes on to state in the second subdivision that "[a]ll documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule provides otherwise." Fla. R. Jud. Admin. 2.516(b)(1). Therefore, the plain language of the rule provides that if a document is (1) a pleading subsequent to the initial pleading, or (2) a document filed in any court proceeding, it must be served according to the rule. Then, the rule goes on to provide that service must be made by email if the document (1) requires service or (2) permits service.

The Third District appeared to agree that the rule only requires service if the document is a pleading subsequent to the initial pleading or a document filed in

- 14 -

any court proceeding because it determined that a proposal for settlement is a document that is "permitted to be served on another party." *Wheaton*, 217 So. 3d at 127 (quoting Fla. R. Jud. Admin. 2.516(b)). However, if rule 2.516 creates two groups of documents that must be filed—documents that are required to be served and documents that are permitted to be served—proposals for settlement would not fall in the latter group. The proposal for settlement statute provides that a proposal "shall be served" on the party to whom it is made, but "shall not be filed" unless it is accepted or filing is necessary to enforce the provisions of the statute. § 768.79(3), Fla. Stat. (2018). Similarly, the rule that implements section 768.79 states "[a] proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule." Fla. R. Civ. P. 1.442(d). We have previously held that "[t]he word 'shall' is mandatory in nature." *Sanders v. City of Orlando*, 997 So. 2d 1089, 1095 (Fla. 2008); *see also Fla. Bar v. Trazenfeld*, 833 So. 2d 734, 738 (Fla. 2002) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.' "). Therefore, a proposal for settlement is a document that must be served on the party to whom it is made but must not be filed with the court. By its plain language, a proposal for settlement is not a required document as contemplated by rule 2.516. Accordingly, the Third District erred in finding that a proposal for settlement is subject to the requirements of rule 2.516.

- 15 -

In support of its conclusion, the Third District relied on two cases: the First District's decision in *Floyd*, 160 So. 3d 567, and the Fourth District's decision in *Matte*, 140 So. 3d 686. However, neither case addresses the issue of rule 2.516 as it relates to proposals for settlement. In *Floyd*, the First District considered whether a proposal for settlement had to contain "a certificate of service in the form required by rule 1.080." *Floyd*, 160 So. 3d at 569 (quoting Fla. R. Civ. P. 1.442(c)(2)(G)). Having addressed that specific issue, *Floyd* is inapplicable to the instant case because it did not consider the issue of whether rule 2.516 applied to service of a proposal for settlement. Likewise, in *Matte*, the court addressed a motion for sanctions sought pursuant to section 57.105, Florida Statutes (2013). *Matte*, 140 So. 3d at 687-88. In that case, the court overlooked the limitation contained in rule 2.516(a) and began its analysis by construing subdivision (b). In doing so, the court found that preliminary service of a motion for sanctions under section 57.105 must be accomplished by email. However, motions for sanctions are similar to proposals for settlement in that they are forbidden from being initially filed. *See* § 57.105(4), Fla. Stat. (2018). This, as noted by the Second District Court of Appeal, "constitutes a fatal flaw in that court's reasoning." *Boatright*, 218 So. 3d at 969; *see also Douglas v. Zachry Indus., Inc.*, No. 6:13cv1943Or140GJK, 2015 WL 6750803, at *3 (M.D. Fla. Nov. 5, 2015) ("It is

- 16 -

this Court's view that the *Matte* decision overlooked the limiting language—'filed in any court proceeding'—and reached an incorrect conclusion as a result.").

Moreover, even if this Court were to accept the Third District's interpretation, Petitioner's failure to comply with the email formatting requirements set forth in rule 2.516 would not render the proposal unenforceable. Respondent contends that when parties seek to obtain attorney's fees, "all t's must be crossed and i's dotted." *Campbell*, 959 So. 2d at 227 (Pariente, J., specially concurring). However, we recently held that a proposal for settlement that did not strictly comply with rule 1.442(c)(2)(F) was not invalid where the proposal "complied with the relevant requirements of the rule that implemented the substantive requirements of section 768.79." *Kuhajda*, 202 So. 3d at 396. In that case, we recognized that section 768.79 and rule 1.442 must be strictly construed but found that strict construction was required "in contexts in which the provisions of the rule implemented the substantive requirements of section 768.79." *Id.* at 395. Because we found that "the offers of judgment at issue in this case are not ambiguous," we "decline[d] to invalidate Kuhajda's offers of judgment solely for violating a requirement in rule 1.442 that section 768.79 does not require." *Id.* In doing so, we reasoned that "[t]he procedural rule should no more be allowed to trump the statute here than the tail should be allowed to wag the dog." *Id.* at 395-

- 17 -

96. Ultimately, we held "a procedural rule should not be strictly construed to defeat a statute it is designed to implement." *Id.* at 396

As applied to the instant case, even if we were to find that rule 2.516 applied to proposals for settlement, Petitioner's failure to comply with the rule would not render the proposal unenforceable because the proposal complied with the substantive requirements set forth by section 768.79. Petitioner's proposal was in writing, stated that it was made pursuant to the section, named the party making the offer and the party to whom it was made, stated the amount offered to settle, and the total amount as required by the statute. *See* § 768.79(2)(a)-(d). Moreover, the proposal stated that it would resolve all damages that would otherwise be awarded in a final judgment, stated the relevant conditions, and whether the proposal included attorney's fees as required by the additional provisions found in the rule implementing the section. Fla. R. Civ. P. 1.442(c)(2). The only deficiencies the trial court found in the proposal were related to requirements set forth by rule 2.516. However, pursuant to *Kuhajda*, that should not be enough to find that the proposal is unenforceable. Because the proposal complied with the substantive requirements set forth by the statute, the proposal is valid.

## CONCLUSION

The plain language of section 768.79 and rule 1.442 do not require service by email. Moreover, because a proposal for settlement is a document that is

required to be served on the party to whom it is made, rule 2.516 does not apply. Accordingly, the Third District erred in affirming the trial court. Accordingly, we quash *Wheaton*, approve *Boatright*, *McCoy*, and *Oldcastle*, and remand for proceedings consistent with this decision.

It is so ordered.

PARIENTE, LEWIS, POLSTON, and LABARGA, JJ., concur.
CANADY, C.J., concurs in result with an opinion, in which LAWSON, J., concurs.

NO MOTION FOR REHEARING WILL BE ALLOWED.

CANADY, C.J., concurring in result.

I agree with the majority's conclusion that the "Petitioner's failure to comply with the email formatting requirements" of Florida Rule of Judicial Administration 2.516 is not a basis for determining the settlement proposal to be invalid. Majority op. at 17. But I disagree with the majority's holding that proposals for settlement are not subject to the email service requirement of rule 2.516. Majority op. at 15. So I would adopt the Third District's view of the interpretation of rule 2.516 but reject its conclusion that the settlement offer was invalid.

The adoption of rule 2.516 was the culmination of an effort to develop "a *comprehensive* proposal to implement e-mail service in Florida." *In re Amendments to Fla. Rules of Judicial Admin., Fla. Rules of Civil Procedure, Fla. Rules of Criminal Procedure, Fla. Prob. Rules, Fla. Rules of Traffic Court, Fla.*

- 19 -

*Small Claims Rules, Fla. Rules of Juvenile Procedure, Fla. Rules of Appellate Procedure, Fla. Family Law Rules of Procedure—E-Mail Serv. Rule*, 102 So. 3d 505, 506 (Fla. 2012) (emphasis added).  In adopting rule 2.516, we acknowledged that it "was modeled after" the then-existing Florida Rule of Civil Procedure 1.080. *Id.* at 507.  And we stated unequivocally that "new rule 2.516 provides that *all documents required or permitted to be served* on another party must be served by e-mail."  *Id.* (emphasis added).  Nothing in the history, context, or structure of the rule suggests that the unqualified reference in the text of subdivision (b) to "[*a*]*ll documents* required or permitted to be served" is intended to include only documents that are filed.  Fla. R. Jud. Admin. 2.516(b)(1) (emphasis added).

Subdivision (a) of rule 2.516 contains general provisions concerning the requirements for service of pleadings and other documents that are "filed in any court proceeding."  Fla. R. Jud. Admin. 2.516(a).  The scope of subdivision (a) is thus limited to court filings.  But that does not mean that the scope of subdivision (b) is similarly limited.  Subdivision (a) simply does not address documents that are not filed.  Subdivision (b), by its express terms, specifies how service must be made whenever "service is required or permitted to be made."  Fla. R. Jud. Admin. 2.516(b).  By its plain language, the scope of subdivision (b) necessarily extends beyond documents that are filed in court proceedings to include documents that are served but not filed.

The majority errs in relying on the reference in Florida Rule of Civil Procedure 1.442(c)(2)(G) to "a certificate of service in the form required by rule 1.080." Majority op. at 13. Since the adoption of rule 2.516 in 2012, rule 1.080 has not contained a form certificate of service. With the adoption of rule 2.516 the form certificate of service was moved to the new rule, where it is set forth in subdivision (f). So the reference on which the majority relies is an obsolete, erroneous reference to a superseded version of rule 1.080—a nonsensical reference that can only be treated as meaningless. It can certainly provide no guidance for interpreting the scope of rule 2.516(b), much less a basis for disregarding the plain language of that rule.

LAWSON, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

    Third District - Case No. 3D16-490

    (Monroe County)

Maegan P. Luka, Philip J. Padovano, and Joseph T. Eagleton of Brannock & Humphries, Tampa, Florida; and Robert Stober of Hersoff, Lupino & Yagel, LLP, Tavernier, Florida,

    for Petitioner

Dale R. Coburn, Gaelan P. Jones, and Matthew S. Francis of Vernis & Bowling of the Florida Keys, P.A., Islamorada, Florida,

    for Respondent