DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAW OFFICES OF FRED C. COHEN, P.A., DAVID B. NORRIS, P.A., BRENT G. WOLMER, P.A., PETER R. RAY, P.A., JAMES S. TELEPMAN, P.A.,** and **GREGORY R. COHEN, P.A.,** d/b/a **COHEN, NORRIS, WOLMER, RAY, TELEPMAN & COHEN,**
Appellants,

v.

**H.E.C. CLEANING, LLC,**
Appellee.

No. 4D19-1070

[February 5, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502015CA008506XXXXMB.

Neil P. Cherubin of Cohen, Norris, Wolmer, Ray, Telepman & Cohen, North Palm Beach, for appellants.

Lance W. Shinder and Chelsea A. Hackman of Shinder Law Group, P.A., Boca Raton, for appellee.

***EN BANC***

GERBER, J.

A law firm, which successfully obtained the dismissal of a legal malpractice action filed against it by a former client, appeals from the circuit court's final order striking the law firm's section 57.105 motion against the former client and the former client's new attorney. The circuit court granted the new attorney's motion to strike the law firm's section 57.105 motion because, pursuant to this court's decision in *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), the law firm's section 57.105 safe harbor notice did not comply with Florida Rule of Judicial Administration 2.516's e-mail service requirements.

We reverse. Our supreme court, in *Wheaton v. Wheaton*, 261 So. 3d 1236 (Fla. 2019), expressly disapproved *Matte*'s holding that a section

57.105 safe harbor notice must comply with rule 2.516's e-mail service requirements.

Therefore, we have decided this case en banc to recede from *Matte* and *Estimable v. Prophete*, 219 So. 3d 1001 (Fla. 4th DCA 2017) (which followed *Matte*), and instead hold that rule 2.516's e-mail service requirements do not apply to service of a section 57.105 safe harbor notice.

### ***Procedural History***

While the former client's legal malpractice action against the former law firm was pending, the former law firm e-mailed to the former client's new attorney a twenty-one-day safe harbor notice and proposed motion for sanctions pursuant to section 57.105, Florida Statutes (2015). The proposed motion intended to seek recovery of the law firm's attorney's fees not only from the former client, but also the new attorney. The motion argued that the law firm was entitled to such recovery because the former client and the new attorney knew or should have known that the legal malpractice action was not supported by material facts.

Despite having been served with the law firm's section 57.105 safe harbor notice and proposed motion for sanctions, the former client and the new attorney did not voluntarily dismiss the former client's legal malpractice action against the law firm.

After the twenty-one-day safe harbor period expired, the law firm filed the section 57.105 motion with the circuit court.

The new attorney ultimately withdrew from representing the former client in the legal malpractice action. The circuit court ordered the former client to retain new counsel by a certain date because the former client was a corporation which must be represented by counsel. When the former client did not retain new counsel by the deadline, the circuit court dismissed the legal malpractice action against the law firm.

The law firm then set the section 57.105 motion on the circuit court's docket for an evidentiary hearing.

Before the evidentiary hearing, the new attorney filed a motion to strike the law firm's section 57.105 motion. The new attorney argued that the law firm's service of its section 57.105 safe harbor notice did not comply with rule 2.516's e-mail service requirements. Specifically, the new attorney argued, in pertinent part, that the law firm's e-mail service was defective because: (1) the e-mail's subject line did not contain, in all

2

capital letters, the words "SERVICE OF COURT DOCUMENT" followed by the case number, and (2) the e-mail's body failed to contain the case number, name of the initial party of each side, title of each document served with that e-mail, and the sender's name and telephone number.

In support of the motion to strike, the new attorney relied upon this court's decision in *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), which held that service of a section 57.105 safe harbor notice must strictly comply with rule 2.516's e-mail service requirements.

The law firm filed a response, arguing that its e-mail service of its section 57.105 safe harbor notice was not required to comply with rule 2.516's e-mail service requirements. According to law firm, the new attorney's reliance on this court's decision in *Matte* was misplaced because the Florida Supreme Court, in *Wheaton v. Wheaton*, 261 So. 3d 1236 (Fla. 2019), expressly disapproved *Matte*.

The new attorney filed a reply, arguing that *Wheaton*'s disapproval of *Matte* was dicta because *Wheaton* involved the service of a section 768.79 proposal for settlement, and did not involve the service of a section 57.105 safe harbor notice.

After a hearing, the circuit court entered a final order granting the new attorney's motion to strike the law firm's section 57.105 motion. The circuit court held, in pertinent part:

> [The law firm] relies on the recent opinion in []*Wheaton v. []Wheaton*, 261 So. 3d 1236 (Fla. 2019)[,] for the proposition that [the new attorney's] motion to strike should be denied because, in effect, *Wheaton* overrules Fourth District precedent upon which [the new attorney] relies. *Wheaton* involved procedure for making formal settlement proposals pursuant to § 768.79, Fla. Stat., Fla. R. Civ. P. 1.442 and Fla. R. Jud. Admin. 2.516. This case involves procedure for formal warning of intent to seek . . . [attorney's] fees as sanctions pursuant to § 57.105, Fla. Stat. and Fla. R. Jud. Admin. 2.516. While the situations are similar, they are nevertheless different. The latter situation was expressly addressed by the Fourth District in *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), and *Estimable v. Prophete*, 219 So. 3d 1001 (Fla. 4th DCA 2017). Had the Supreme Court in *Wheaton* intended to reject the analysis employed by the Fourth District concerning technical procedural and substantive requirements evoked in a motion pursuant to § 57.105, Fla.

Stat., it could have expressly done so. It did not. Indeed, [the majority] opinion expressly notes:

> In support of its conclusion [in *Wheaton*], the Third District relied on two cases: the First District's decision in *Floyd* [*v. Smith*], 160 So. 3d 567 [(Fla. 1st DCA 2015)], and the Fourth District's decision in *Matte*, 140 So. 3d 686. **However, neither case addresses the issue of rule 2.516 as it relates to proposals for settlement.** In *Floyd*, the First District considered whether a proposal for settlement had to contain "a certificate of service in the form required by rule 1.080." *Floyd*, 160 So. 3d at 569 (quoting Fla. R. Civ. P. 1.442(c)(2)(G)). Having addressed that specific issue, *Floyd* is inapplicable to the instant case because it did not consider the issue of whether rule 2.516 applied to service of a proposal for settlement. Likewise, in *Matte*, the court addressed a motion for sanctions sought pursuant to section 57.105, Florida Statutes (2013).

> [*Wheaton*, 261 So. 3d at 1243] (emphasis added).

Consequently, this Court remains bound by the Fourth District's holdings in both *Matte* and *Estimable*.

Therefore, [the new attorney's] motion is granted and [the law firm's] claim is stricken. . . .

This appeal followed.

### *2. Our Review*

Although normally a circuit court's order denying attorney's fees under section 57.105 is reviewed for an abuse of discretion on the motion's merits, the standard of review on the instant issue is de novo because the issue presents a pure question of law. *See Paul v. Avrahami*, 216 So. 3d 647, 649 (Fla. 4th DCA 2017) ("We review the trial court's denial of attorney's fees under section 57.105(1), Florida Statutes, for an abuse of discretion. *To the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is de novo.*") (emphasis added; internal citation omitted).

Based on our review of our supreme court's *Wheaton* opinion, we conclude that *Matte* and *Estimable* are no longer good law. We will briefly

4

examine rule 2.516, *Matte*, and *Wheaton*. (We do not need to review *Estimable*, which merely followed *Matte*). We then provide our reasoning.

## a. *Florida Rule of Judicial Administration 2.516*

Rule 2.516 provides, in pertinent part:

(a) Service; When Required. Unless the court otherwise orders, or a statute or supreme court administrative order specifies a different means of service, *every pleading subsequent to the initial pleading and every other document filed in any court proceeding*, except applications for witness subpoenas and documents served by formal notice or required to be served in the manner provided for service of formal notice, *must be served in accordance with this rule on each party*. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them must be served in the manner provided for service of summons.

(b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

(1) Service by Electronic Mail ("e-mail"). All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. . . .

. . . .

(E) Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.

(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words "SERVICE OF COURT DOCUMENT" in all capital letters, followed by the case number and case style of the proceeding in which the documents are being served.

(ii) The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on each side, the title of each document served with that e-mail, and the name and telephone number of the person required to serve the document. . . .

Fla. R. Jud. Admin. 2.516 (heading emphases omitted; other emphasis added).

### b. *Matte v. Caplan*

In *Matte,* we held that "strict compliance with Florida Rule of Judicial Administration 2.516 regarding e-mail service of pleadings is required before a court may assess attorney's fees pursuant to section 57.105, Florida Statutes." 140 So. 3d at 690. This court reasoned:

> [S]ection 57.105 requires service of the motion on the plaintiff twenty-one days prior to filing with the court. *"Service" is defined and regulated in Rule 2.516. The e-mail service requirements, which were implemented in 2012, use mandatory language stating that service "must" be made in the manner described.* Fla. R. Jud. Admin. 2.516(b)(1)(E)(i)-(iv); *In re Amendments to Fla. Rules of Jud. Admin. et al.*, 102 So. 3d 505, 515-17 (Fla. 2012). The rule requires that the e-mail subject line contain the words SERVICE OF COURT DOCUMENT, all in capitals and followed by the case number. This is important, because anyone with an e-mail account knows that users frequently receive many e-mails about many different topics. The capitalized notification advising that the e-mail relates to a court document is critical to assure that the recipient opens the e-mail and reviews the document promptly.

*Id.* at 689-90 (emphasis added).

### c. *Wheaton v. Wheaton*

In contrast, in *Wheaton,* our supreme court evaluated "whether proposals for settlement made pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 must comply with the e-mail service provisions of Florida Rule of Judicial Administration 2.516." 261 So. 3d at 1238. The supreme court held that proposals for settlement do not need to comply with rule 2.516's service provisions:

The provisions of rule 2.516 that are at issue in this case are subdivision (a), "Service; When Required," and subdivision (b), "Service; How Made." According to [subdivision (a)], "every pleading subsequent to the initial pleading and every other document filed in any court proceeding . . . must be served in accordance with this rule." Fla. R. Jud. Admin. 2.516(a). The rule goes on to state in [subdivision (b)] that "[a]ll documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule provides otherwise." Fla. R. Jud. Admin. 2.516(b)(1). Therefore, the plain language of the rule provides that if a document is (1) a pleading subsequent to the initial pleading, or (2) a document filed in any court proceeding, it must be served according to the rule. Then, the rule goes on to provide that service must be made by email if the document (1) requires service or (2) permits service.

. . . [I]f rule 2.516 creates two groups of documents that must be filed – documents that are required to be served and documents that are permitted to be served – proposals for settlement would not fall in the latter group. The proposal for settlement statute provides that a proposal "shall be served" on the party to whom it is made, but "shall not be filed" unless it is accepted or filing is necessary to enforce the provisions of the statute. § 768.79(3), Fla. Stat. (2018). Similarly, the rule that implements section 768.79 states "[a] proposal shall be served on the party or parties to whom it is made but shall not be filed unless necessary to enforce the provisions of this rule." Fla. R. Civ. P. 1.442(d). We have previously held that the word "shall" is mandatory in nature. Therefore, a proposal for settlement is a document that must be served on the party to whom it is made but must not be filed with the court. By its plain language, a proposal for settlement is not a required document as contemplated by rule 2.516.

*Id.* at 1242-43 (other internal citations and quotation marks omitted).

Additionally, the supreme court expressly disapproved *Matte*:

[I]n *Matte*, the court addressed a motion for sanctions sought pursuant to section 57.105, Florida Statutes (2013). In that case, the court overlooked the limitation contained in rule 2.516(a) and began its analysis by construing subdivision (b). In doing so, the court found that preliminary service of a

7

motion for sanctions under section 57.105 must be accomplished by e-mail. *However, motions for sanctions are similar to proposals for settlement in that they are forbidden from being initially filed. This . . . constitutes a fatal flaw in that court's reasoning.*

*Id.* at 1243 (emphasis added; citations and quotations marks omitted).

### d. *Our Reasoning*

Given *Wheaton*'s reasoning, it appears *Matte* is no longer good law. While *Wheaton* and *Matte* are distinguishable, because *Wheaton* addressed whether rule 2.516 applies to section 768.79 proposals for settlement, and *Matte* addressed whether rule 2.516 applies to section 57.105 safe harbor notices, we cannot ignore that *Wheaton* expressly disapproved *Matte*, because pre-filing service of section 57.105 safe harbor notices are similar to pre-filing service of section 768.79 proposals for settlement.

Based on the foregoing, we recede from *Matte* and *Estimable*, and instead hold that rule 2.516's e-mail service requirements do not apply to service of a section 57.105 safe harbor notice.

Applying that holding to the instant case, we reverse the circuit court's order granting the new attorney's motion to strike the law firm's section 57.105 motion. We remand for the circuit court to deny the new attorney's motion, and consider the parties' evidence and arguments on the amount of attorney's fees which the law firm is entitled to recover under its section 57.105 motion. All other arguments which the new attorney raised in the answer brief lack merit, and do not warrant further discussion.

*Reversed and remanded for proceedings consistent with this opinion.*

LEVINE, C.J., and WARNER, GROSS, TAYLOR, MAY, DAMOORGIAN, CIKLIN, CONNER, FORST, KLINGENSMITH and KUNTZ, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

8