DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAFEPOINT INSURANCE COMPANY,**
Appellant,

v.

**ELENA GINSBURG** and **MICHAEL GINSBURG,**
Appellees.

No. 4D18-2158

[January 20, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE 17-12167 (05).

Carol M. Rooney of Butler Weihmuller Katz Craig LLP, Tampa, for appellant.

Silvia Maria Gonzalez of S. Gonzalez Law, Trial & Appellate Practice, Miami Lakes, for appellees.

***ON CONFESSION OF ERROR***

PER CURIAM.

SafePoint Insurance Company, the defendant below, appeals an order striking one of its section 57.105, Florida Statutes, motions based on the trial court's finding that service of the motion did not strictly comply with the e-mail service requirements of Florida Rule of Judicial Administration 2.516. On appeal, SafePoint's primary argument is that under the reasoning of the Florida Supreme Court's decision in *Wheaton v. Wheaton*, 261 So. 3d 1236 (Fla. 2019), rule 2.516 does not apply to a motion for sanctions under section 57.105. The plaintiffs, Elena and Michael Ginsburg, have filed a confession of error on this point. We accept the confession of error and reverse.

In *Matte v. Caplan*, 140 So. 3d 686, 690 (Fla. 4th DCA 2014), this Court held that "strict compliance with Florida Rule of Judicial Administration 2.516 regarding e-mail service of pleadings is required before a court may assess attorney's fees pursuant to section 57.105, Florida Statutes."

Recently, however, the Florida Supreme Court held that the e-mail service provisions of rule 2.516 do not apply to a proposal for settlement. *Wheaton*, 261 So. 3d at 1243. The supreme court reasoned that the service requirements of

the rule apply only "if the document is a pleading subsequent to the initial pleading or a document filed in any court proceeding," and that a proposal for settlement is not subject to the service requirements of the rule because "a proposal for settlement is a document that must be served on the party to whom it is made but must not be filed with the court." *Id.* Although recognizing that *Matte* did not address the issue of rule 2.516 as it relates to proposals for settlement, the supreme court nonetheless rejected the reasoning of *Matte*:

> Likewise, in *Matte*, the court addressed a motion for sanctions sought pursuant to section 57.105, Florida Statutes (2013). In that case, the court overlooked the limitation contained in rule 2.516(a) and began its analysis by construing subdivision (b). In doing so, the court found that preliminary service of a motion for sanctions under section 57.105 must be accomplished by email. However, motions for sanctions are similar to proposals for settlement in that they are forbidden from being initially filed. This, as noted by the Second District Court of Appeal, "constitutes a fatal flaw in that court's reasoning."

*Id.* at 1243–44 (internal citations omitted). Based on *Wheaton*'s reasoning, in *Law Offices of Fred C. Cohen, P.A. v. H.E.C. Cleaning, LLC*, 290 So. 3d 76, 77 (Fla. 4th DCA 2020), we receded from *Matte* and instead held "that rule 2.516's e-mail service requirements do not apply to service of a section 57.105 safe harbor notice."

Accordingly, pursuant to *Wheaton* and *Law Offices of Fred C. Cohen, P.A.*, we reverse the order on review and remand for further proceedings.

WARNER, GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***